SIMON FLORSHEIM

*v.*

THE ILLINOIS TRUST AND SAVINGS BANK.

*Opinion filed October 24, 1901.*

1. CORPORATIONS—*liability of assignor of stock for unpaid balance to pay debts of corporation.* The mere assignment by a stockholder of part of his shares of stock before the institution of a suit by the receiver of the corporation to collect the unpaid balance on the stock to pay corporate debts, does not relieve the assignor from liability for the unpaid balance upon the shares so assigned.

2. INTEREST—*party withholding payment of decree is liable for legal interest.* Withholding payment of the amount fixed by a decree after the time specified therein for payment renders the parties primarily liable under the decree liable also for legal interest.

*Florsheim* v. *Illinois Trust and Sav. Bank,* 93 Ill. App. 297, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. C. H. DONNELLY, Judge, presiding.

HORNSTEIN & COITH, for appellant.

WALKER & PAYNE, for appellee.

Per CURIAM: In deciding this case the Branch Appellate Court delivered the following opinion:

"The original bill of complaint in this cause was filed in the circuit court January 19, 1891, by Charles F. Morse, on his own behalf and on behalf of all other creditors of the Pacific Railway Company, making the corporation and all of its stockholders parties defendant. Appellant, Simon Florsheim, was made party defendant as the owner and holder of eighty-eight shares of the capital stock of the Pacific Railway Company. The proceedings were instituted and prosecuted to final decree under section 25 of an act entitled 'An act concerning corporations,' approved April 18, 1872. Such proceedings were had in the case as to cause it to be reviewed by the Supreme Court in *Sprague* v. *National Bank of America*, 172 Ill. 149. In obedience to the mandate of the Supreme Court in that case it was subsequently ascertained and decreed by the circuit court that as to the appellant, Florsheim, he was liable for the unpaid balance of $68 per share on eighty-eight shares of the Pacific Railway Company stock received by him in exchange for a like number of shares in the Los Angeles Cable Railway Company, with interest thereon at the rate of five per cent per annum, from August 1, 1898, and that appellee, as receiver, have execution therefor. It is from such decree that this appeal has come.

"No contention is made against the amount of $68 per share found to be due from appellant, it being conceded that the Supreme Court decision in the case referred to settled that question. It is insisted, however, that appellant is not liable for such amount on more than twenty-five of such shares. This contention is based upon the fact that appellant had sold sixty-three of said eighty-eight shares to one Nash before the bill was filed. The bill was filed January 19, 1891, and appellant assigned

his certificate for said sixty-three shares to Nash on the ninth day of June, 1890, and it is argued that appellant is liable, under said section 25, only upon the shares owned by him at the time the suit was brought. We had substantially the same question before us in *Rogan* v. *Illinois Trust and Savings Bank*, 93 Ill. App. 39, and there held adversely to the same contention by some of the there appellants. It was admitted by the appellant in his answer, and also as a witness, that he received the whole eighty-eight shares in exchange for a like number of shares of the cable company stock. Nash, to whom appellant assigned his certificate for the sixty-three shares, was not a party to the suit and was not a witness on the hearing, nor did appellant, in his testimony, explain in any manner the circumstances of the assignment to Nash. It cannot, therefore, be said that there is shown in the record any reason which would exempt appellant from liability.

"The only other error that is claimed by appellant is in the allowance of interest on the amount found due from appellant. No matter how much appellant may claim that the amount was in dispute prior to the decree fixing the amount due from him, his liability was fixed by that decree, in accordance with the decision of the Supreme Court. That decree was entered July 1, 1898, and interest was not to begin to run thereon until August 1, 1898,—thirty days afterward. By the decree the amount due became liquidated. It was then as final as any judgment, so far as we can see, and a withholding of payment thereafter comes clearly within the provision of the statute concerning interest."

We concur in the foregoing views of the Appellate Court and in the conclusion reached by that court. Accordingly, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*