ERASTUS FOOTE *et al.*

*v.*

THE ILLINOIS TRUST AND SAVINGS BANK *et al.*

*Opinion filed February 21, 1902.*

This case is controlled by the decision in *Florsheim* v. *Illinois Trust and Savings Bank,* 192 Ill. 382, and *Higgins* v. *Illinois Trust and Savings Bank,* 193 id. 394.

*Rogan* v. *Illinois Trust and Savings Bank,* 93 Ill. App. 39, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

HECKMAN, ELSDON & SHAW, for appellants.

WALKER & PAYNE, and EDWIN BURRITT SMITH, for appellees.

Per CURIAM: This is an appeal from a decree of the Appellate Court for the First District, affirming a decree of the circuit court of Cook county. It grows out of a chancery proceeding begun by Charles F. Morse, a judgment creditor of the Pacific Railway Company, in the circuit court of Cook county on January 19, 1891, to which proceeding appellants and appellees in the suit at bar were parties. Morse was a judgment creditor of the Pacific Railway Company, and in behalf of himself and other creditors of the said company, of which there were many, brought his suit, under section 25 of the Corporation act, (Hurd's Stat. 1899, chap. 32,) against the said company and its stockholders, to enforce the statutory liability of its stockholders for unpaid balances upon their stock. The original suit finally reached this court, and the general basis for the adjudication of the rights of the parties was established in *Sprague* v. *National Bank of America,* 172 Ill. 149. By the judgment in that case the cause was remanded to the circuit court of Cook county, with direc-

tions as to the manner in which it should proceed and the rule as to the liability of stockholders. Pursuant to the decree of this court last referred to, further proceedings were had in the circuit court of Cook county, in which personal judgments were rendered against certain stockholders of the Pacific Railway Company for the unpaid balances upon the shares of stock held by them. From that decree various stockholders have prosecuted appeals to the Appellate Court and finally to this court, among which are the cases of *Florsheim* v. *Illinois Trust and Savings Bank*, 192 Ill. 382, and *Higgins* v. *Illinois Trust and Savings Bank*, 193 id. 394.

Appellants were originally stockholders in the Los Angeles Cable Railway Company, and upon the organization of the Pacific Railway Company their stock, for which they had paid $32 per share, in the first company was exchanged for stock in the new company without paying the full value thereof. They afterwards bought from appellee McWilliams thirty-one shares apiece of the Pacific Railway Company's stock, and in the suit of Morse and others against the creditors were decreed to pay, for the benefit of the creditors of the Pacific Railway Company, $68 per share, with interest, and they were held primarily liable for such payment, and McWilliams, their vendor, was held secondarily liable therefor. The questions raised by this record are: First, are appellants or McWilliams primarily liable? and second, are appellants liable for interest?

The case at bar and the case of *Higgins* v. *Illinois Trust and Savings Bank, supra*, are identical in facts and involve the same legal propositions. We are satisfied with our holding in that case, and no benefit could be derived from a further argument or statement of the case or the further consideration of the legal propositions. The cases cited above are controlling of this case, and according to them the decree of the Appellate Court should be and is affirmed.                    *Decree affirmed.*