## AMHERST KELLOGG

### *v.*

## DAVID W. STOCKWELL *et al.*

1. ASSIGNMENT — *of stock of insurance company.* Where the charter of an insurance company requires that all sales and transfers of stock, to be valid, shall be made upon the books of the company, this provision will be regarded as designed for the protection of the company, and perhaps a purchaser without notice; but as between the assignor and purchaser, a sale and transfer will be good without being entered upon the company's books, and will be enforced in equity.

2. SAME — *rights and liabilities of equitable assignee of stock.* The equitable assignee or owner of stock in an incorporated company can use it as

his own property, control it and receive dividends thereon, the same as though he had the legal title; and therefore, as between himself and his assignor, he is bound to assume the burdens imposed upon the owner of the legal title arising out of assessments made upon the stock.

3. CHANCERY — *will require equitable assignee of shares of capital stock to indemnify his assignee against liability.*   Where shares in the capital stock of an incorporated company have been sold and transferred, but not in accordance with the charter or by-laws of the company, so as to pass the legal title, and the assignor is compelled to make payment of assessments, or is liable to be called upon for payment, a court of equity, at the suit of the assignor, will require the assignee to pay or indemnify him, as the case may require.

4. PARTY IN CHANCERY — *bill for indemnity.*   On bill in chancery by the assignor of shares of stock in an incorporated company against the assignee, to require the latter to indemnify the former against future liability for assessments on the stock, neither the company nor its assignee in bankruptcy are necessary parties, as no relief is sought against them.

WRIT OF ERROR to the Circuit Court of Kane county; the Hon. SILVANUS WILCOX, Judge, presiding.

Mr. WALTER M. HOWLAND, and Mr. CHARLES HITCHCOCK, for the plaintiff in error.

Messrs. WHEATON, SMITH & McDOLE, for the defendants in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by Daniel W. Stockwell, in the circuit court of Kane county, against Amherst Kellogg, The Republic Insurance Company, Charles T. Trego and Helmert S. Kellogg, to compel Amherst Kellogg, who had purchased certain stock in the Republic Insurance Company, to protect the complainant, who was the original owner and vendor of the stock, from assessments made by the company after the sale of the stock.

The complainant, Stockwell, in 1867, subscribed for one hundred shares of stock in the Republic Insurance Company; he paid twenty per cent and received a certificate of stock.

In February, 1871, complainant sold this stock to Trego & Kellogg, and delivered to them the certificate of stock, which he obtained of the company, and a power of attorney executed by him in blank, authorizing the transfer of the stock upon the books of the company.

In June, 1871, Trego & Kellogg sold the stock to Amherst Kellogg, and transferred the certificate of stock and power of. attorney to him.

At the time the complainant sold, there were no assessments against the stock, and it was regarded by the secretary of the company to be worth $1,800.

No transfer of the stock was, however, made upon the books of the company.

The Chicago fire of October, 1871, rendered the insurance company insolvent. The complainant, in order to protect himself from future calls or assessments, called upon Amherst Kellogg, the assignee of the stock, and requested him to have it transferred upon the books of the company. This he refused to do.

After the filing of the bill, the company was put into bankruptcy, and an assessment of sixty per cent was made upon each share of stock upon all who appeared by the books to be stockholders, including complainant.

The circuit court, on the hearing, entered a decree that Amherst Kellogg indemnify the complainant against all loss on account of the assessment made, and all future assessments that might be made, by giving complainant a good and sufficient bond of indemnity, with security, to be approved by the court, in the penal sum of $12,000.

The principal question presented by the record is, whether the sale of the stock, no transfer having been made upon the books of the company as required by the charter, is valid, between the complainant and the defendant Amherst Kellogg, to pass the equitable title and to render the assignee liable for all future calls and assessments.

It may be true, as between complainant and the insurance company, the legal title to the stock did not pass by the sale

made, and yet that does not in the least affect the question arising between the complainant and the purchaser of the stock.

The provision in the charter that shares are transferable only on the books of the company, is designed for the protection of the corporation, or perhaps a purchaser without notice.

The theory upon which the complainant bases his bill is, as between him and the purchaser, there has been a sale of the stock which, in equity, is good, and which a court of chancery ought to enforce.

In Angell & Ames on Corporations, 3d edition, page 513, the author, in discussing this question, says: "A transfer of stock will be valid, however, as between the vendor and vendee (subject to the claims of the corporation) though the act of incorporation provide that no such transfer shall be valid until registered in a book kept for the purpose, and the debts due from the vendor to the company be first paid."

The doctrine announced may be regarded as the settled law of the country.

The stock owned by a party in an incorporated company may be regarded similar in its nature to a chose in action, the equitable title of which, as between the parties, may be transferred without observing the requirements of the charter or by-laws of the company.

In *Sargent* v. *Franklin Ins. Co.*, 8 Pick. 90, it was held that the doctrine that the right to the shares in the capital stock of an incorporated company could not be transferred without a compliance with the by-laws of the company, cannot be maintained. See, also, *Black* v. *Lusharin*, 3 How. 514; *Bank of Utica* v. *Smalley*, 2 Cow. 777; *Gilbert* v. *Manchester Iron Co.*, 11 Wend. 628.

If the defendant Amherst Kellogg became the owner in equity of the stock, it follows that the complainant could exercise no control over it, but after Kellogg made the purchase and the certificate of stock was transferred to him he could control and use it as his own property; had any dividends been declared he alone would be entitled to the same, in fact the stock was

under his entire and sole control the same as any other property he possessed.

If, then, he was entitled to all the benefits and advantages which would arise by virtue of being the owner in equity of the stock, the next question that arises is, whether he is bound to assume the burdens imposed upon the owner arising out of the assessments made upon the stock.

The attorneys for the defendant cite and rely upon the case of *Humble* v. *Langston*, 7 M. & W. 517, as an authority that the vendor of the stock was not liable for future calls and could not be required to indemnify against future assessments.

In the case of *Walker* v. *Bartlett*, 36 Eng. L. and Eq. R. 368, the principle annunciated in *Humble* v. *Langston*, was overruled, and it was expressly decided that the vendee would be required to pay all assessments made upon the stock while it remained his property.

The case of *Evans* v. *Wood*, Law Reports, 5 Equity cases, p. 9, was a case in its facts very similar to the one under consideration.

The plaintiff sold a certain number of shares of stock to A, who gave the name of the defendant as the purchaser. The shares of stock were duly delivered, but before the transfer was registered with the company it stopped payment.

The articles of association provided that no transfer should be registered without the approval of the directors.

Upon presentation of the transfers to be registered it was refused. The plaintiff, after the sale, was compelled to pay a call or assessment on each share, instituted suit and prayed for a decree declaring the validity of the sale in equity and that the defendant be ordered to pay the call already paid by plaintiff, and to indemnify him against future calls.

Lord Romilly, M. R., said, "I am of opinion that the case is settled by authority, and that there is an abundance of cases which show that this court will interfere."

The decree was entered as prayed for by the plaintiff.

The principle of this case was affirmed in *Tain* v. *Hutchin-*

*son,* 3 Chancery Appeal Cases, Law Reports, 1867–8. See, also, *Grissell* v. *Bristowe,* 3 C. P. 112 ; *Hawkins* v. *Matby,* 4 Chancery Appeal Cases, 200.

The principle upon which the decisions in these cases is based is, that the sale of the stock, although not entered upon the books of the company, is valid in equity, and transfers the title to the purchaser ; that the vendor in whose name the title stands upon the books holds the legal title as a trustee, and in the event that the trustee is compelled to make payment of assessment or is liable to be called upon for payment, the *cestui que trust* is bound to repay or indemnify, as the case may require.

The principle seems to be equitable, and we know no reason why the purchaser should be entitled to reap the benefits of a purchase of stock, and at the same time require the vendor to assume all the responsibility incident to the owner.

It is, however, urged by the defendant that the assignee in bankruptcy of the insurance company should have been brought into court by amendment or supplemental order.

No decree was rendered against the insurance company ; the substance of the decree is, that Kellogg shall indemnify the complainant.

We see no necessity whatever for making the assignee a party.

The last point relied upon by the defendant is, that the court erred in requiring him to indemnify the complainant by giving bond and security.

We are unable to perceive any reason for indemnity unless it could be made availing to the complainant.

The very object of the bill was to afford protection to the complainant ; if the defendant is not responsible, his own bond without security would be no indemnity ; if, on the other hand, he is responsible, it is imposing no hardship upon him to give the security.

No substantial error is perceived in the decree and it will be affirmed.

*Decree affirmed.*