Marks et al. v. Brenner, 204 Ill. App. 366.

Edward Marks and Frank M. McKey, Trustee, Plaintiffs in Error, v. Nathan T. Brenner, Defendant in Error.

## Gen. No. 22,101.

1. CORPORATIONS, § 218*—*when stockholder is not liable for unpaid subscriptions of other stockholders.* On a creditor's bill and intervening petition by the trustee in bankruptcy of a corporation, each seeking enforcement of liability for unpaid stock subscriptions, where a certain subscriber had paid in full for the stock subscribed by him and no other stock had been transferred to him on the books of the corporation and there was nothing on the books to show his ownership of any other stock, *held*, that such subscriber was not liable for the unpaid subscriptions of other stockholders but such liability attached to the holders of the legal title of such other stock only, and that the courts would not look beyond the registered stockholder nor inquire into what equities he held.

2. CORPORATIONS, § 231*—*when evidence is insufficient to show making of stock subscriptions by agents of stockholder.* Evidence *held* insufficient to show that certain unpaid stock subscriptions were made by certain parties as agents for the defendant, in a suit seeking to hold the defendant liable for such unpaid subscriptions.

3. CORPORATIONS, § 218*—*when transferee of stock is liable for corporate debts and unpaid balances of subscriptions.* The transferee of stock in a corporation is not recognized as a stockholder nor chargeable with the corporate debts or unpaid balances of subscriptions until the transfer is made on the books of the corporation or a contractual relationship between him and the corporation otherwise established.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Marks et al. v. Brenner, 204 Ill. App. 366.

Error to the Superior Court of Cook county; the Hon. Denis E. Sullivan, Judge, presiding.    Heard in the Branch Appellate Court at the March term, 1916.    Affirmed.    Opinion filed March 20, 1917.

Stedman & Soelke, for plaintiffs in error.

Goldzier, Rodgers & Froehlich, for defendant in error.

Mr. Presiding Justice Barnes delivered the opinion of the court.

This writ of error brings for review a decree dismissing for want of equity, as to defendant in error, Brenner, a creditor's bill and an intervening petition by the trustee in bankruptcy of Ft. Sheridan Distilling Company, a corporation, each seeking enforcement of liability for unpaid subscriptions to said company's capital stock against the subscribers therefor, including said Brenner, the only defendant served with process.

The decree approved an adverse report of the master in chancery to whom the cause was referred to take evidence and report his conclusions thereon.

The stock of the company, consisting of 1,000 shares of the par value of $100 each, was subscribed for by five persons, three of them, Max Rivitz, Hiram Rivitz and Simon Nickman, subscribing for 250 shares each, and Brenner for 100 shares and one Saperston 150 shares.    The charter states, and the commissioners who opened subscriptions reported, that $70,000 was paid in and that stock for the remaining $30,000 was not to be issued to the several subscribers therefor until paid for.    The commissioners also reported that property appraised at the actual cash value of $60,000 was accepted in payment for 600 shares of the stock. In payment of said property the directors authorized the issuance of said 600 shares, 200 each to the Rivitzes and Nickman, but the certificate issued to each of them

called for 250 shares. Brenner paid for his 100 shares, thus making the $70,000 paid in capital. Saperston's stock was never issued nor paid for and no payment was ever made for the 150 shares in excess of 600 paid for by said property, issued to the Rivitzes and Nickman.

The real question at issue was whether Brenner was liable for subscription to any other stock than that which was originally issued to him. He was not registered on the books of the company either as a subscriber or transferee of any other stock than the 100 shares that he subscribed and paid for. But it was sought to hold him liable for other stock than that registered in his name on the books of the company, first, on the theory that the 150 shares issued to Nickman, Max and Hiram Rivitz in excess of what they paid for, and the 150 shares subscribed for by Saperston, were subscribed for by them respectively as the agents and for the benefit of said Rivitzes, Nickman and Brenner jointly; and secondly, that Brenner became liable for the unpaid subscription of Nickman and the Rivitzes because of an agreement on his part to hold them harmless therefor made after he had knowledge that the property so turned in for their stock was not worth $60,000 and was fraudulently overvalued.

The main proof adduced to support such theories consisted (1) of a bill in chancery previously filed by Brenner against the Rivitzes charging on information and belief a fraudulent overvaluation of such property; (2) a subsequent agreement between Brenner and the Rivitzes and Nickman whereby upon certain considerations and warranted representations as to the amount of the company's indebtedness Brenner agreed to save and keep them harmless against any and all liabilities, claims and demands that might be made against them by virtue of their stock subscriptions and against any obligations of the company; and (3) evi-

dence that in pursuance of said agreement the stock issued to the Rivitzes and Nickman, came into possession of Brenner or his attorneys, and was (together with the rest of the outstanding stock for which he had originally subscribed) delivered at his direction for a consideration to one Kauffman, who turned over the company's assets to the trustee in bankruptcy. There was, however, no transfer of their stock to Brenner on the books of the company. The certificates received by him and delivered to Kauffman were the original certificates issued to the Rivitzes and Nickman and assigned by them either in blank or to said Kauffman.

Brenner's said bill in equity was introduced in evidence on the theory that it contained admissions of the agency of the other subscribers to subscribe for his benefit. But we find no averments therein amounting to such an admission and no other proof in the record of such agency, even if it were availing in such a proceeding. Nor do we find in said bill or in any other part of the record any evidence of facts which in law cast upon Brenner liability to the creditors of the insolvent corporation for the unpaid subscriptions of stock issued to the other subscribers or any of them. Whatever liability may be enforced against him under said agreement by the other parties thereto is a question wholly aside from his statutory liability to the creditors of such corporation for their unpaid subscriptions. Inasmuch as he paid in full for all the stock he subscribed for, and no other stock of the company was transferred to him on its books and there was nothing on its records to indicate his ownership of any other stock than that he subscribed for, the court and the master properly held that he was not liable for the unpaid subscriptions but that such liability attached to the holder of the legal title to the stock only, and that the courts would not look beyond the registered shareholder nor inquire into what equities he

holds. (Thompson on Corporations, vol. 3, secs. 3192-3194; *Wheelock v. Kost,* 77 Ill. 296; *Sherwood v. Illinois Trust & Savings Bank,* 195 Ill. 112.) We think the general rule that the transferee of stock is not recognized as a stockholder nor chargeable with the corporate debts or unpaid balances of subscriptions until the transfer is made on the books of the corporation or a contractual relationship between him and the corporation otherwise established, was properly applied to the facts of the case. Cook on Corporations (4th Ed.), sec. 258; *Kellogg v. Stockwell,* 75 Ill. 68; *Hood v. McNaughton,* 54 N. J. L. 425; *Brown v. Allebach,* 166 Fed. 493; *People's Home Sav. Bank v. Stadtmuller,* 150 Cal. 106.

Because of the inadequacy of proof to establish liability against Brenner for any of the stock subscriptions other than his own, for which he fully paid, the decree will be affirmed.

*Affirmed.*