(No. 22331.—
THOMAS GAHAGAN *et al.* Defendants in Error, *vs.* CORA WHITNEY, Plaintiff in Error.

*Opinion filed February 21, 1935.*

ORR, J., dissenting.

JACOB CANTLIN, and SAMUEL RUBIN, for plaintiff in error.

JOHN M. STAGER, for defendants in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Defendants in error, as creditors of the Tampico State Bank, filed in the circuit court of Whiteside county a bill seeking to enforce stockholders' liability against the plaintiff in error, Cora Whitney, and others. A decree was entered against her in accordance with the prayer of the bill, which was affirmed by the Appellate Court. The cause is here on writ of *certiorari*.

It appears from the record that the Tampico State Bank was closed for liquidation on the 18th of March, 1932. Fred A. Brewer had owned twenty-five shares of stock in this bank. He died intestate on July 15, 1923, and plaintiff in error, his widow, (and now Cora Whitney,) was appointed administratrix of the estate and continued as such until January 3, 1930, when her final report as administratrix was approved, the estate was closed and she was discharged as such administratrix. It appears from a stipulation of facts that on November 12, 1923, she filed in the probate court an inventory, in which she listed, with other items of personal property, the twenty-five shares of bank stock as of a value of $2500. As Brewer died without children, plaintiff in error took his entire personal estate, subject to the payment of debts. Her final report, filed on December 13, 1929, disclosed that all the debts and claims against the estate had been paid, leaving a balance in money of $4657.72, which plaintiff in error retained as sole heir of the deceased. This stock was not listed or mentioned in that report. It also appears that it was never transferred on the books of the bank from the name of Brewer to plaintiff in error or to anyone else, and her counsel argue that it remained property of the estate and the

liability thereon the estate's liability, and since no claim was filed against the estate there exists no liability from any source on this stock.

The argument is advanced that stockholder's liability cannot be imposed upon the widow of a stockholder merely because she is his sole heir unless she accepts the stock, and that in this case there was no acceptance of this stock by her. In this connection certain facts appear in the record either by stipulation or proof. They are: (1) During the course of the administration of Brewer's estate ten shares of the stock made out to him in his lifetime, but not delivered, were received and receipted for by plaintiff in error in her individual capacity and not as administratrix; (2) during the year 1928, while the estate was being administered, two dividends on the stock, amounting to $250, were ordered, and checks therefor were issued payable to the plaintiff in error individually, and that she received and cashed these checks and in her final report did not account for the money as having been received as a part of the assets of the estate; (3) no mention was made of the stock in her final report; and (4) no action renouncing ownership of the stock was ever taken by her.

It may be conceded that a bank stock liability cannot be imposed upon one against his will, but the character of the obligation is such that slight evidence of its acceptance is, in the absence of countervailing proof, sufficient. This is rightly so, for otherwise the owner of stock to whom it has not been transferred on the books of the bank might permit it to lie awaiting future developments of the bank and to speculate upon the benefits of accepting or rejecting it. Here the stock was inventoried by plaintiff in error as a part of her husband's estate. She was administratrix and sole heir of his personal estate. This she is, in law, presumed to have known. She accepted dividend checks made out to her personally, and, so far as her final report shows, used by her personally. It is a fair conclusion to be

drawn from the foregoing facts that she accepted the stock as a part of her husband's personal estate which came to her through his death.

Counsel argue, however, that there was no transfer of the stock on the books of the bank, and, since a stock liability is a contract liability, only those may be held liable whose names appear on the books of the bank as stockholders. Her counsel cite *Golden* v. *Cervenka,* 278 Ill. 409, where the statement is made that "the liability of the stockholders to the creditors, though created by the constitution, is based upon contract." And also *Bell* v. *Farwell,* 176 Ill. 489, where it was said: "Persons who give credit to the corporation do so upon the faith of the personal liability of the stockholders, and upon what principle can it be said that the liability is not contractual?" The fact that this liability is contractual in its nature does not, however, prove plaintiff in error's case. Section 6 of article 11 of the constitution declares every stockholder in a banking corporation or institution to be individually responsible and liable to its creditors in the manner and to the extent therein specified. The question properly arises, therefore, whether the party sought to be charged is a stockholder. The constitution contemplates that the actual owner of the stock shall bear the liability arising thereon. It is not necessary to the establishment of stock liability of the actual owner of the stock that the shares be transferred on the books of the company. It is a rule recognized in this State and elsewhere, that where it is sought to hold the real owner of the stock though his name does not appear upon the transfer books of the bank, the court will determine who is the real owner and decree accordingly. In *Gillett* v. *Chicago Title and Trust Co.* 230 Ill. 373, stock issued in the name of another was found in the possession of Egbert W. Gillett at his death. The evidence showed that he was the actual owner though his name did not appear as stockholder, and a decree against his executor for the face value

of the stock was upheld. It is a general rule that an equitable assignee or owner of stock in an incorporated company may, in the absence of agreement to the contrary, use it as his own property, control it and receive dividends thereon, and, as between himself and his assignor, he is bound to assume the burdens of ownership imposed. *Kellogg* v. *Stockwell*, 75 Ill. 68.

That the actual owner of stock may be held to answer for the liabilities of stock ownership though his name does not appear upon the transfer books of the bank has been frequently stated in other jurisdictions. *Early* v. *Richardson*, 280 U. S. 496; *Ohio Valley Nat. Bank* v. *Hulitt*, 204 id. 162; *Commissioner of Banks* v. *Tremont Bank and Trust Co.* 259 Mass. 162, 156 N. E. 7; *Western Pacific Railroad Co.* v. *Godfrey*, 166 Cal. 346, 136 Pac. 284; *Pignatel* v. *Mobley*, 38 Ga. App. 508, 144 S. E. 385; *Maddison* v. *Bryan*, 31 N. M. 404, 247 Pac. 275.

Brewer was deceased. Plaintiff in error alone controlled this stock. No one else could have transferred the stock either to her or to anyone else. The laws of descent passed title to her, subject to the payment of Brewer's debts, all of which had been paid long prior to the closing of the bank. As we have indicated, the evidence shows both she and the bank treated the stock as belonging to her.

Plaintiff in error relies upon *In re Bingham*, 127 N. Y. 296, 27 N. E. 1055. It was sought in that case to enforce against the estate of Bingham liability on certain shares of bank stock which stood on the books of the bank in the name of his deceased son, who was the owner of the stock at the time of his death. Bingham had been the sole heir of his son and the administrator of his estate. It there appeared that Bingham, Sr., had voted the stock and received dividends thereon but at the time of his death he had not completed the administration of his son's estate, and the court held that in his control of the stock and receipt of the dividends there was nothing inconsistent with

the fact that he was acting as administrator of the estate of his son, and as his interest in the stock could arise only after the son's estate had been closed and the debts paid his interest was residuary in character, and until he was discharged as administrator he held title to the stock in his representative capacity. It need not be pointed out wherein that case is clearly lacking in analogy on the facts. Here the estate had been closed. Not only were the debts all paid but a substantial balance was left in the estate which plaintiff in error received as heir, and, as we have pointed out, she personally received the dividends on the stock.

The judgment of the Appellate Court affirming the decree of the circuit court is right and is affirmed.

*Judgment affirmed.*

Mr. JUSTICE ORR, dissenting:

No presumptions of ownership should be indulged in as to bank stock where such stock has not been transferred on the books of the bank and record thereof filed in the recorder's office as required by law to pass its title. I there- fore cannot agree with the foregoing opinion, holding that it is not necessary to the establishment of stock liability that the shares be transferred on the books. The only case cited in support of such a doctrine is *Gillett* v. *Chicago Title and Trust Co.* 230 Ill. 373, and there the stock involved was not bank stock but was the stock of an industrial corporation. The same statutory requirement does not apply. Likewise, the citation of authorities referring to national banks is not applicable here, where the stock of a State bank is involved.

It is true that Cora Whitney endorsed and cashed two dividend checks during the period of her administration of her husband's estate. She was the sole heir and sole administratrix. The failure of an administratrix to render a detailed account of receipts and disbursements is in accord with well established practice. In the absence of any unpaid creditors no person can complain of this practice

if it is sanctioned by the county or probate court and where no question as to liability of the estate for taxes is involved. She had inventoried the bank stock as property of the estate. The condition of the estate did not require the sale of the bank stock to pay debts. The final report made no mention of the bank stock, although she did charge herself therein, as sole heir, with the receipt of a certificate of deposit amounting to $2200 and a checking account in the Tampico State Bank. She also charged herself with the receipt of money from the sale of certain personal property. From these acts it might well be assumed that she did not intend to take over the bank stock, especially in view of the fact that none of the stock in the name of her husband at the time of his death was ever transferred to her. Neither the name Cora C. Brewer nor Cora Whitney appears in the records of the recorder's office as a stockholder. The twenty-five shares in question were listed in the name of Fred A. Brewer, and, as shown in the recorder's office, remained in his name until the bank closed. No claim was ever filed against Brewer's estate by the Tampico State Bank or by any of the creditors of the bank. In a case recently decided by the Supreme Court of the United States it was held that "there can be no liability on account of assessments made after complete administration, final distribution of all the property and the extinguishment of the estate." *Forrest* v. *Jack*, 55 Sup. Ct. 370.

Although Cora Whitney was the sole heir and next of kin of the intestate she contends that she took the stock only as administratrix, and that receiving dividends thereon did not effect its transfer to her as an individual or make her personally liable thereon. In support of this argument she relies upon the case of *Golden* v. *Cervenka*, 278 Ill. 409. There we held that "the liability of the stockholders to the creditors, though created by the constitution, is based upon contract." We further said that "the record by which it is determined who are the stocholders of the bank is the

record of the bank itself," and only those appearing on the books to be stockholders possess rights and liabilities as such. Likewise in *Bell* v. *Farwell*, 176 Ill. 489, we held that liability of bank stockholders, although imposed by statute, arises out of contract. There we said: "Persons who give credit to the corporation do so upon the faith of the personal liability of the stockholders, and upon what principle can it be said that the liability is not contractual?"

Since the liability of a bank stockholder to its creditors is one which he first assumes by his contract to subscribe for and own certain shares of its stock, it must be apparent that such a liability, unless voluntarily assumed, cannot be involuntarily foisted upon an heir of a former stockholder by the Statute of Descent. The bank stock in this case is not shown by the record to have ever been issued or transferred to Cora Whitney, the plaintiff in error. Her control of it, and the receipt of two dividend checks while she was acting as administratrix, were consistent with the fact that she was administratrix and sole heir of her deceased husband's estate, in which she had inventoried this stock. In her final report as administratrix no disposition of the stock is shown. No receipt or other proof is made that she accepted the stock in final settlement of the estate. The record presents nothing to indicate that she held legal title to this stock other than in her representative capacity. If she had procured its transfer to herself, individually, upon the books of the bank, then a different question would have been presented. *In re Bingham,* 127 N. Y. 296, 27 N. E. 1055.

The judgment of the Appellate Court and the decree of the circuit court of Whiteside county should have been reversed.