## Gus Bombal et al., Appellants, v. Peoples State Bank of Ramsey et al., Appellees.

Opinion

filed March 4, 1937.

Arthur Roe and Charles R. Myers, both of Vandalia, for appellants.

J. G. Burnside, of Vandalia, for appellees.

Mr. Justice Murphy delivered the opinion of the court.

Plaintiffs were creditors of the Peoples State Bank of Ramsey and for themselves and on behalf of the other creditors of the bank instituted this suit to enforce the stockholders' superadded liability. Rose Hunt Taylor was one of the defendants. The sole question is as to the extent of her liability.

The bank was incorporated in 1911 was a capital stock of $30,000 with 300 shares each with a par value of $100. The auditor of public accounts closed the bank February 2, 1931. August 28, 1922, defendant became the owner of six shares of stock evidenced by certificate No. 187. She owned this stock continuously from date of issuance to January 21, 1930. On this latter date she indorsed the certificate to Fred Taylor, her husband, who surrendered the certificate and a new certificate No. 214 for six shares was issued in his name. It was alleged and proven that the purpose of transferring defendant's shares to her husband was so that he would have at least 10 shares and could then qualify as a director of the bank. It was also proven that the agreement between the defendant and her husband was that the six shares were transferred to him as an accommodation and would be retransferred to defendant as soon as he could procure other shares. March 7, following, Fred Taylor purchased six shares from one Effie Whitten and certificate No. 220 was issued to defendant for that number of shares. She owned these shares until the bank closed. In June and December of 1930, she received dividends of $18 on certificate No. 220.

By an audit it was found that the ownership of the stock was divided into 73 transfer periods, defendant's ownership of certificate No. 187, from August 28, 1922, to January 21, 1930, covered periods 48 to 64 inclusive. Of the amount deposited in the bank during that period there remained unpaid on date of closing $16,217.57. Of the deposit liability created after March 7, 1930, there remained on date of closing the bank over $120,000. Defendant has paid $600 as her assessment on certificate No. 220 but plaintiff contends that she owed an additional $600 for the liability accruing on the stock evidenced by certificate No. 187. The trial court adopted defendant's theory and plaintiff appealed from that decree.

Section 6 of Article 11 of the Constitution provides, "Every stockholder in a banking corporation or institution shall be individually responsible and liable to its creditors, over and above the amount of stock by him or her held, to an amount equal to his or her respective shares so held, for all its liabilities accruing while he or she remains such stockholder."

The sixth section of the Banking Act of 1919 (Laws of 1919, p. 226) contains substantially the same language and in addition requires that the names of the shareholders and the amount of stock they own shall be made a matter of public record.

In *Golden v. Cervenka,* 278 Ill. 409, 439, the court in discussing the purpose of this statutory enactment and the method of transfer of stock said, "The object of this record is to give information as to the names of the stockholders and persons dealing with the bank have a right to rely upon the list of stockholders shown by the record. The stock can be transferred only on the books of the association and only those persons have the rights and liabilities of stockholders who appear to be such on the books of the association. The stockholder registered as such on the books of the

bank can be relieved from liability only by a transfer of his stock on the books.''

In the *Golden* case the court construed the constitutional provision and the statute in reference to the liability of the stockholders and on page 420 said, ''Under the constitution and the statute the stockholder is responsible to the amount of his stock for all the liabilities of the bank which are incurred during his ownership of stock and no more, and such responsibility continues until the liability is paid or otherwise discharged.''

In *Sanders v. Merchants State Bank*, 349 Ill. 547, the Supreme Court was again considering the constitutional provisions and followed *Golden v. Cervenka, supra*, and on page 556 said, ''If the owner of one share of stock has been such owner since the organization of the bank until its failure twenty years later, his liability for its debts is limited to $100. If he is the owner of another share which was transferred to him within a week of the bank's failure, his liability on account of this share is also limited to $100. This share may, however, have been transferred a dozen times, and while the liability of each one of the other eleven owners of the share is limited to $100, the several liabilities on the one share may aggregate $1200. The constitution suggests no method of terminating the successive personal liability of each holder to the amount of his stock except the payment of the debts for which he is bound, unless there is some statute of limitations applicable to the case.''

Under the holdings in these cases and the reasons adopted it is apparent that if the defendant owned six shares of stock continuously from Aug. 1923, to the date the bank closed, then her liability would be but $600. The cases quoted hold that there may be a liability to the successive owners of a share of stock for the debts accruing during their respective periods of ownership.

Defendant contends that the transfer of the stock to her husband was but for a temporary purpose and made with the agreement that it was to be returned to her and that when certificate No. 220 was issued to her it was a return of her original stock and that therefore she has never owned but six shares of stock. In view of that contention it becomes necessary to consider the legal effect of that transfer. Every requirement of the statute to effect a legal transfer of the stock was taken. It appeared on the records of the bank that the six shares defendant owned had been transferred to Fred Taylor. Defendant's contention requires consideration of the legal effect upon the record of the agreement between defendant and her husband. As stated the purpose of the transfer was to place in his name in the books of the bank a sufficient number of shares of stock to meet the statutory requirement so that he could qualify as a director.

Ill. State Bar Stats. 1935, ch. 16a, ¶ 4; Jones Ill. Stats. Ann. 10.04 (section 4, chapter 16½, Smith-Hurd) provides that every director "must own in his own right, free of any lien or encumbrance, shares of the capital stock of the bank or association of which he is a director, the aggregate par value of which shall not be less than $1,000 and stock certificates evidencing the capital stock of such bank or association of which he is a director, the aggregate par value of which shall not be less than $1,000 issued in his name, shall be filed unendorsed and unassigned by him with the cashier of such bank or association during his term as director." To comply with these statutory provisions it was necessary that Fred Taylor own the stock in his own right, free of any lien or incumbrance, and since defendant elected to clothe him with such ownership so that he could qualify as a director, we will now hold that the effect of the transfer of the stock to Fred Taylor on Jan. 21, 1930, was complete and absolute and that defendant's ownership of that par-

ticular stock was terminated. For the purposes here she did not own any stock from Jan. 21, 1930, to Mar. 7. When stock was issued to her on Mar. 7, it was a new transaction and started a new period for which she would be liable for debts accruing during that period. It has been held in the cases cited that there is a liability against successive owners of a single share of stock and we can perceive of no reason why a person who held stock at various intervals would not be liable for the debts that accrued during the several periods of ownership of stock.

Defendant contends that the Supreme Court in *Heine v. Degen,* 362 Ill. 357, changed the rule as to liability to successive owners as announced in the *Sanders* case. In the *Heine* case the court was not considering the liability of stockholders but was considering what was meant by the word, creditors, as used in the constitutional provision. On page 366 the court said, ''The word 'creditors' has not been construed in any of the representative suits against stockholders called to our attention. Whether it means creditors generally or individual creditors must be ascertained. Its meaning was not in issue in *Golden v. Cervenka, supra,* or in *Sanders v. Merchants State Bank''* and on page 371 the court said, ''The respective stockholders are in no way affected by this holding. The maximum amount for which they are liable is fixed by the face value of their shares of stock and this is further limited to the liabilities which accrued during the time the individual stockholder owned his shares.''

For the reasons assigned the decree of the trial court is reversed and cause remanded with directions to enter a decree in accordance with the views herein expressed.

*Reversed and remanded with directions.*