ARMIN F. HILLMER *et al.* Appellants, *vs.* HAROLD R. WEINACKER *et al.* Appellees.

*Opinion filed June 14, 1940.*

SHAW, J., dissenting.

LEONARD & LEONARD, (GEORGE EDWARD LEONARD, of counsel,) for appellees.

MAYER, MEYER, AUSTRIAN & PLATT, (FREDERIC BURN-HAM, FRANK D. MAYER, and THOMAS G. DEERING, of counsel,) for appellants.

Mr. JUSTICE WILSON delivered the opinion of the court:

The plaintiffs, Armin F. Hillmer and others, filed their amended and supplemental complaint in the superior court of Cook county in behalf of themselves and all other creditors of the closed Chicago Bank of Commerce to enforce

the superadded constitutional liability of the stockholders. By his answer, Harold R. Weinacker, one of the defendants, denied the material allegations of the complaint including the allegation that he was a stockholder. From the evidence introduced at the hearing before the master in chancery to whom the cause was referred it appears that on September 20, 1930, a certificate for fifty shares of the capital stock of the bank was issued to "Harold R. Weinacker as Pledgee of L. D. Glanz" and remained in his name, as pledgee, until December 15, 1930, when the certificate was cancelled. September 17, 1938, a decree found, so far as is material to this inquiry, that defendant was liable to the bank's creditors in the amount of $5000. Subsequently, on October 5, 1938, defendant filed his motion to set aside, as to him, this decree. Plaintiffs resisted, moving to deny and strike defendant's motion. The hearing on the respective motions was continued twenty-three times to April 28, 1939, when an order was entered specifically finding that defendant "was not at any time a stockholder of said Chicago Bank of Commerce, and that he did not at any time represent himself to be a stockholder of said bank," setting aside the decree of September 17, 1938, and dismissing the amended and supplemental complaint, as to him, for the want of equity. In the meantime, garnishment proceedings had been instituted against the Continental Illinois National Bank and Trust Company and the First National Bank of Chicago. Appearing specially each garnishee interposed a motion to quash the writ and to be discharged. On May 2, 1939, orders were entered discharging the two banks last named as garnishees. The plaintiffs have prosecuted a direct appeal from the orders of April 28 and May 2, 1939.

Subsequent to perfecting their appeal and filing their brief, plaintiffs moved to transfer this cause to the Appellate Court for the First District, having elected to waive the alleged constitutional error that the entry of the order of April 28, 1939, contravened the due process guaranty of

our constitution. Defendant Weinacker then moved to dismiss the appeal. He maintains that apart from any possible question of due process the construction of section 6 of article 11 of our constitution is involved, namely, the determination of the issue of whether a pledgee is a stockholder within the meaning of the constitution; that by moving to transfer the plaintiffs waived not only the constitutional question advanced by themselves but all constitutional questions; that plaintiffs' motion is, in effect, an admission of the correctness of the chancellor's decision that he, defendant, being a pledgee, was not a stockholder within the meaning of the applicable constitutional provision; that no questions other than the purported constitutional issues are presented for our consideration; that no useful purpose can be served by transferring the cause, and that the appeal should, accordingly, be dismissed. (*De La Cour* v. *De La Cour*, 363 Ill. 545.) In the alternative, defendant Weinacker has filed objections to the motion to transfer. Resistance is predicated upon the premise that where there is a constitutional question in the cause at the time an appeal is prosecuted, this court will entertain jurisdiction even though one of the parties thereafter waives his constitutional point. *People* v. *Kelly*, 367 Ill. 616; *Kowalczyk* v. *Swift & Co.* 317 id. 312.

Defendant Weinacker argues that a person who holds stock in an Illinois banking corporation as pledgee, and who is shown on the corporate records to have been such pledgee, is not liable as a stockholder within the contemplation of section 6 of article 11 of the constitution. It is definitely settled that the constitution contemplates the imposition of the superadded liability only against an actual owner of bank stock. (*Gahagan* v. *Whitney*, 359 Ill. 419; *Sanders* v. *Merchants State Bank*, 349 id. 547; *Golden* v. *Ellwood*, 299 id. 73.) Disposition of the issue whether Weinacker was an actual stockholder who can be held to the constitutional liability presents merely the question of the correct-

ness of the decree rendered in his favor and not a construction of the constitution. It follows, necessarily, that plaintiffs' motion to transfer the cause does not constitute an acquiescence in the correctness of Weinacker's claim that he was not an actual stockholder of the bank from September 20 to December 15, 1930. The motion to dismiss must, therefore, be denied, and the motion to transfer is allowed.

The cause is transferred to the Appellate Court for the First District.

*Cause transferred.*

Mr. JUSTICE SHAW, dissenting.