## RECONSTRUCTION FINANCE CORPORATION v. PELTS.

### No. 7654.

Circuit Court of Appeals, Seventh Circuit.

Oct. 28, 1941.

Rehearing Denied Dec. 8, 1941.

504

Meyer Abrams, of Chicago, Ill., for appellant.

Lee Walker, M. O. Hoel, and John M. Crimmins, all of Chicago, Ill., for appellee.

Before SPARKS, KERNER, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

The Reconstruction Finance Corporation was a large creditor of the Central Republic Trust Company, an insolvent banking corporation, and brought a creditor's bill against the stockholders of the bank to enforce their added liability on said stock.

The original complaint was filed November 19, 1934, in which it was alleged that Edith Levinson was the owner of twenty-four shares of the bank's stock at the times the Reconstruction Finance Corporation extended its credit to the bank. Philip W. Pelts was made a party by amendment filed on September 20, 1935, in which it was alleged that he was the owner of record of 15/165 shares of stock of said bank. On May 1, 1937, judgment for $2,400 was taken against Edith Levinson as the registered owner of said stock. On April 12, 1940, a judgment was entered against the appellant, Pelts, as the owner of the fractional share, in the sum of $9.09.

The Reconstruction Finance Corporation discovered that Pelts was the real owner of the twenty-four shares of stock, shown on the records of the bank in the name of Edith Levinson, and for which judgment had been taken against Edith Levinson, and that Pelts had employed lawyers to conduct Edith Levinson's defense to the suit brought to enforce her liability as the owner of said stock. At the time judgment was taken against Edith Levinson, and at the time judgment was taken against Pelts as owner of the fractional share, the court reserved jurisdiction in these words:

"* * * this decree shall be without prejudice to any future hearing or proceeding in this cause, * * * against any or all persons who may be liable in any manner on account of shares of stock of said bank, * * * which any person at any time owns * * * for the purpose of any such future hearing or proceeding in this cause this Court expressly retains jurisdiction of this cause.

"Plaintiff, with leave of this Court, may amend and supplement its bill of complaint or file such other pleadings in this cause as may be necessary, at any time hereafter, against any of the defendants in this cause or against any other persons referred to in this paragraph * * *."

On April 9, 1940, by leave of court, the Reconstruction Finance Corporation amended its bill by alleging liability of Philip W. Pelts as the real owner of the twenty-four shares of stock in the said bank that appeared on record in Edith Levinson's name, and on which apparent liability the judgment had been entered against Edith Levinson, and also filed a supplemental complaint alleging that appellant, Pelts, had furnished lawyers to defend

the suit against Edith Levinson, and praying judgment against Pelts for $2,400 and interest from the date judgment was taken against Edith Levinson, which was May 1, 1937.

On March 6, 1941, the court gave judgment against Pelts, as the real owner of said stock, in the sum of $2,400, with interest at 5% from May 1, 1937. From this judgment, Pelts appealed.

Counsel for appellant at the argument of this case, with a candor that did him much credit, stated that there was only one question in this case, and that was whether there could be at the same time a judgment against the record owner and the beneficial owner of bank stock for the added liability imposed upon the stockholder by the statutes and Constitution of Illinois. He frankly admitted that this court had in Ericson v. Slomer, 94 F.2d 437, decided this question against the appellant, and he asked us to reverse our holding in that case.

The appellant has cited and relies upon Hospelhorn v. Poe, 174 Md. 242, 198 A. 582, 118 A.L.R. 682. This case holds that the relation of the undisclosed principal and agent exists between parties where one holds in his name the bank stock of another and that in this relationship, the liability is not joint and several but alternative, and that before judgment, where the principal and agent are sued together, an election must be had as to whom the judgment is to be taken against, and if a judgment has been taken against one, it is a bar to suit against the other.

■ The liability of the stockholder does not attach and is not worked out through any relation of principal and agent, but it attaches by force of the statute to one who is the stockholder. Gahagan v. Whitney, 359 Ill. 419, 194 N.E. 581. It is the status of stockholder that fixes the liability. There is no dispute that Pelts was the real owner. If he was the real owner, he was liable as stockholder, and the fact that a judgment had theretofore been taken against the record owner was no bar to a judgment against the real owner. Even though there may be two judgments, there can be only one satisfaction.

The Maryland case rests upon the relationship of undisclosed principal and agent. The Ericson case decided by this court relies upon Chapman v. Pettus, Tex.Civ.App. 1925, 269 S.W. 268, in which the Texas Court finds the relationship to be one of trustee and cestui que trust, and in this relationship finds it possible to work out the liabilities between the parties equitably, and at the same time save the creditors of the bank from the peril of electing the person they shall pursue.

We think the relationship is more accurately designated as trustee and cestui que trust, which enables the Court to reach the very satisfactory and equitable result reached in Ericson v. Slomer, 7 Cir., 94 F. 2d 437. We are satisfied with the law there laid down, and reaffirm it.

■ The appellant insists that he should not be liable for interest from May 1, 1937, the date of the judgment against Edith Levinson, but only from March 6, 1941, the date judgment was entered against him. It has often been held that equity may allow interest in a proper case, though no statute or contract provides for it. Golden v. Cervenka, 278 Ill. 409-433, 116 N.E. 273; Thompson v. Davis, 297 Ill. 11-21, 130 N.E. 455; Duncan v. Dazey, 318 Ill. 500-527, 149 N.E. 495.

■ The appellant knew he was the real owner of the stock in question, and that the liability was his. Nevertheless, he provided attorneys to defend Edith Levinson's case, and stood by and saw judgment go against her, when he knew it was his liability. It may be true that he was under no duty to speak up and assume that liability. He committed no legal offense when he kept still and let judgment go against Edith Levinson, when he knew that it ought to have been against him; but he is certainly in no position to complain when he is discovered, or to ask a court of equity not to charge him with interest.

We think it was a proper case for a court of equity to exact interest.

The case is affirmed.