**UNITED STATES et al. v. ASCHER et al.**

No. 479–M.

District Court, S. D. California,
Central Division.

March 17, 1943.

See, also, 41 F.Supp. 895.

Leo V. Silverstein, U. S. Atty., of Los Angeles, Cal., for the United States.

Macdonald & Pettit and Robert H. Edwards, Jr., all of Los Angeles, Cal., for Reconstruction Finance Corporation.

Henry H. Childress, of Los Angeles, Cal., for defendant Frederick C. Widmann.

McCORMICK, District Judge.

This is a representative suit brought by plaintiffs as creditors to enforce the payment of liability of California resident stockholders of Central Republic Trust Company (formerly Central Republic Bank and Trust Company), a banking corporation under the laws of the state of Illinois. The action is brought in the interests and for the benefit of the plaintiffs and all other creditors of said Central Republic Bank and Trust Company, as well. For brevity, Reconstruction Finance Corporation will be referred to herein as RFC, and Central Republic Trust Company (formerly Central Republic Bank and Trust Company) will be called the Bank in this memorandum.

The action is brought pursuant to Section 6, Article XI of the Constitution of the State of Illinois, Smith-Hurd Stats., and Section 6, Chapter 16½ of the Illinois Banking Act, Ill.Rev.Stat.1941. The constitutional provision is as follows: "Every stockholder in a banking corporation or institution shall be individually responsible and liable to its creditors, over and above the amount of stock by him or her held, to an amount equal to his or her respective shares so held, for all its liabilities accruing while he or she remains such stockholder." And the pertinent part of the Banking Act is as follows: "Every stockholder in any bank or banking association organized under the provisions of this Act shall be individually responsible and liable to its creditors, over and above the amount of stock by him or her held, to an amount equal to his or her respective shares so held, for all its liabilities accruing while he or she remains such stockholder. * * * No transfer of stock shall operate as a release of liability provided in this section."

More than 125 residents of the Southern District of California are named as defendants in the complaint in this case.

The action presently before this court concerns defendant Frederick C. Widmann, admittedly a resident of the judicial district of this court.

The sufficiency of the complaint was brought in issue by numerous defendants who interposed motions to dismiss, which the court denied, as appears by memorandum of conclusions filed herein September 29, 1941, reference thereto being hereby made.

Two crucial issues are raised by the answer of defendant: (1) Lack of jurisdiction by reason of insufficiency of amount in controversy, and (2) that defendant Widmann was not a stockholder of the Bank on October 6, 1932, an admittedly effective date of liability of stockholders upon an obligation of the Bank to RFC incurred at that time.

Plaintiffs moved for summary judgment against defendant Widmann under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. We denied such motion, believing that under the record then before the court, and the state of controlling law at that time, the paramount issue of Mr. Widmann's liability was not so insubstantial as to remove a genuine issue requiring trial. See Cohen v. Eleven West 42nd Street, Inc., 2 Cir., 115 F.2d 531. Therefore the action has been heard on the merits and, upon consideration of the entire record, the court is constrained under authoritative appellate decisions to adjudge the defendant liable.

The following substantial factual situation has been disceosed:

The bank incorporated under the laws of the State of Illinois resulted from a consolidation on July 25, 1931 of two other Illinois banking organizations.

On October 6, 1932, a large sum of money was loaned and advanced by RFC to the Bank which, to evidence and memorialize the loan, gave its promissory note to RFC for $50,000,000, with interest. There still remains unpaid on such note, principal in excess of $30,000,000, plus certain accrued interest.

Defendant Widmann on or about July 30, 1932, purchased ten shares of the capital

stock of the bank through an accredited brokerage firm in Los Angeles, California. Shortly thereafter Mr. Widmann accepted delivery of Stock Certificate No. F-9128, dated July 30, 1932, for ten shares of the capital stock of the bank of the par value of $100 per share. Shortly before September 9, 1932, Widmann directed the same brokerage company through which he purchased the bank stock to sell it for his account. On September 9, 1932, upon advice that a sale of said stock had been effected, Widmann endorsed the stock certificate and concurrently delivered it to the same brokerage firm. The endorsement of Frederick C. Widmann on the reverse side of the stock certificate appears under stamped date, "Sep. 9-1932," and by its terms sells, transfers and assigns to Constantine A. Palaeologos Mammonas the shares of bank stock represented by the certificate, and constitutes and appoints the same brokerage company through which Widmann had bought and sold the stock as attorney to transfer the stock on the books of the bank.

Mr. Widmann did not know and has never had any business or other contacts or relationships with said Mammonas who appears as the assignee of said stock certificate. Widmann having made no effort to transfer the stock on the books of the Bank, and no one else having done so, on or prior to October 6, 1932, on that date Frederick C. Widmann was the registered owner of the bank stock, appearing as such on the books of the bank. There is no evidence that the bank's creditors had knowledge that Widmann had sold the stock on September 9, 1932, or that anyone other than the registered owner of the stock was the actual and true owner on October 6, 1932. The Certificate No. F-9128 was not cancelled until March 10, 1934.

■■■ The amount in controversy is not material in this action. The suit is brought by the United States jointly with a corporate instrumentality of the Government in which all the stock is owned by the United States. Both are proper parties to the action. Erickson v. United States, 264 U.S. 246, 44 S.Ct. 310, 68 L.Ed. 661; Reconstruction Finance Corporation v. Krauss, D.C., 12 F.Supp. 44; Reconstruction Finance Corporation v. Graydon, D.C., 16 F.Supp. 765. The plaintiffs being Governmental instrumentalities, have the right to choose the Federal Court in which to litigate this controversy regardless of the amount of money involved. However, assuming arguendo that an adequate amount in controversy is jurisdictional in this cause, we think that the proper yardstick to be applied by the court in evaluating the amount in controversy is not merely the specific claim against the defendant Widmann. The criterion and measure is, we think, the fund which is to be collected and brought within the reach of the court for apportionment and administering, which in this action exceeds many times the sum of $3,000. See Reconstruction Finance Corporation v. Central Republic Trust Co., D.C., 11 F.Supp. 976, and cases therein cited; United States v. Freeman, D.C., 21 F.Supp. 593.

■■ The existence and extent of the liability of the defendant Widmann is determined by the law of the State of Illinois. Moran v. Harrison, 67 App.D.C. 237, 91 F.2d 310, 113 A.L.R. 505; Restatement, Conflict of Law, Sections 185–190. In Illinois a bank stockholder's liability is primary, several and individual. It runs not to the bank but directly to plaintiffs and to other creditors of the bank. Golden v. Cervenka, 278 Ill. 409, 116 N.E. 273; Reconstruction Finance Corporation v. McCormick, 7 Cir., 102 F.2d 305, certiorari denied 308 U.S. 558, 60 S.Ct. 90, 84 L.Ed. 469.

■ The stockholders are, in effect, partners of the bank and their liabilities to creditors measured accordingly, and in no way is stockholder's liability to the bank's creditors contingent upon the existence of a deficiency in the assets of the bank. Cohen v. North Avenue State Bank, 291 Ill.App. 558, 10 N.E.2d 823.

■ We have earlier in this memorandum stated the undisputed evidence of Mr. Widmann's having been on October 6, 1932, the registered owner on the books of the bank of ten shares of the capital stock of the bank. This memorial and representation of stock ownership was the token upon which the creditors on that date under the settled law of the state of the Bank's incorporation, in the absence of contrariwise information, had the right to rely, although there had been on September 9, 1932 an unentered transfer of the stock from Widmann to another. There is nothing in the entire record of this action which removes the effect of the evidence of registered ownership. In Golden v. Cer-

venka, supra, where a transferor of bank stock had failed to transfer the shares on the books of the corporation, the Supreme Court of Illinois in affirming the judgment which super-added liability upon the registered stockholder, said [278 Ill. 409, 116 N. E. 285], "The stock can be transferred only on the books of the association, and only those persons have the rights and liabilities of stockholders who appear to be such on the books of the association. The stockholder registered as such on the books of the bank can be relieved from liability only by a transfer of his stock on the books. Richmond v. Irons, 121 U.S. 27, 7 S.Ct. 788, 30 L.Ed. 864. At least he must comply with the requirements for such transfer and make a demand upon the officials of the bank that it be made. * * * A creditor is entitled to hold him liable as a stockholder who appears on the books of the corporation to be the legal owner of the stock." The doctrine of Golden v. Cervenka, supra, instead of being restricted by the Appellate Courts of Illinois, has been reaffirmed and extended in Bombal v. Peoples State Bank, 289 Ill.App. 203, 6 N.E.2d 884; Heine v. Degan, 362 Ill. 357, 199 N.E. 832; Hillmer v. Chicago Bank of Commerce, 375 Ill. 266, 31 N.E.2d 309.

 The primary and indispensable evidence upon which a creditor of Illinois banks relies as to who are stockholders of the bank at the time of the accrual of liability to the creditor are the stock record books of the bank. Such appears to be the established and settled legal principle in Illinois, which in the absence of proven actual knowledge to the contrary, controls cases such as the instant one before the court. There is no evidence whatever that RFC or any other creditor of the bank had actual knowledge at any time that Widmann was not the real as well as the registered owner of the stock on October 6, 1932. The only circumstance shown by the record which might impart constructive notice to creditors of the bank that Widmann was neither the real nor the registered owner of the stock on October 6, 1932, is the writing and stamping upon the back of the stock certificate when it was cancelled and transferred on the books of the bank on March 10, 1934. However, at all times between October 6, 1932, and March 10, 1934, the defendant, as disclosed by the books of the bank, was the legal owner of the stock, and both depositors and creditors of the bank have a right to rely upon the books of the bank to determine who are the respective owners of its stock. The Supreme Court of Illinois in the recent decision of Hillmer v. Chicago Bank of Commerce, supra, has reiterated its long established rule that creditors are entitled to hold him liable as a stockholder who appears on the books of the corporation to be the legal owner of the stock. As Mr. Widmann at all pertinent times was the registered and record owner of the stock, he cannot be released from liability to the creditors of the bank. This liability attaches by force of the laws of Illinois. See Reconstruction Finance Corporation v. Pelts, 7 Cir., 123 F. 2d 503; and although there may be another who is the actual owner of the stock, the creditors of the bank have the right to enforce payment severally, conditioned solely upon there being but one satisfaction. See, also, Reconstruction Finance Corporation v. Barrett, 7 Cir., 131 F.2d 745.

Findings of fact and judgment ordered for plaintiffs and against defendant, without costs. Attorneys for plaintiffs will prepare, serve and present same within ten days from notice hereof. Exceptions allowed defendant Widmann.