## Amos Thompson

### v.

### Sophia Meisser.

*Filed at Mt. Vernon January 22, 1884.*

108　359
120　361
24a　542
124　621
124　622
30a　391

1. **Stockholder's liability** *for debts of the corporation—in what manner discharged.* Under a statutory provision making the stockholders of a private corporation individually responsible for an amount equal to the amount of stock held by them, respectively, in case of the failure of the corporation to make payment of any debt, etc., the stockholders are in effect made partners, and are consequently jointly and severally liable to the creditors of the corporation who are not also stockholders themselves, to the amount of stock held by them, respectively.

2. As a corollary it follows that one stockholder can not maintain an action at law on such individual liability against a fellow-stockholder, any more than one partner can sue his co-partner at law on a claim against the firm which he may have purchased.

3. In an action by an outside creditor of a corporation to enforce the individual liability of a stockholder, the latter can not set off a debt due from the corporation to himself.

4. A stockholder who is individually liable to the amount of his stock in favor of creditors of his corporation, may discharge such liability by the payment, in good faith, of the amount of the same to any creditor who is not also a stockholder. But he can not discharge himself by buying up debts owing by the corporation equal in amount to his liability, at a discount. In such case, if he retains such indebtedness so purchased by him, he can only claim a discharge for the actual sum paid by him for the same.

5. After the insolvency of a bank, a stockholder who was personally liable for the indebtedness of the corporation to the amount of $1000, (the amount of stock held by him,) purchased certificates of deposit issued by the bank to the amount of $3200 on their face, for fifteen cents on the dollar, of which he sold all but $1000. On this latter sum another stockholder confessed judgment, and the first named party entered satisfaction of such judgment without any actual payment, and for the purpose of enabling the other to avoid his liability to creditors. On suit by an outside creditor of the bank against the first named stockholder, he pleaded payment of $1000 to another creditor in discharge, and on the trial produced the certificates of deposit upon which he had taken a confession of judgment: *Held*, that this showed no discharge of any part of his liability.

APPEAL from the Appellate Court for the Fourth District; —heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. CHARLES W. THOMAS, for the appellant:·

The Appellate Court holds that a stockholder of a corporation is not entitled to the same protection as other creditors as to indebtedness due him from the corporation, and cites the following cases as sustaining that position: *Bailey* v. *Bancker*, 3 Hill,. 188; *Weber* v. *Frickey*, 47 Md. 200; *Beers* v. *Waterbury*, 8 Bosw. 399; *Thayer* v. *Union Tool Co.* 4 Gray, 75; *Richardson* v. *Abendroth*, 43 Barb. 165.

The third of these cases follows the first, and contains no argument or reason to support this holding. *Richardson* v. *Abendroth* follows the first case cited, without any additional reasoning, and one of the four judges put his judgment upon a different ground, and one dissented. *Weber* v. *Frickey* will be found to be rather against than in support of the position. This leaves only the cases of *Bailey* v. *Bancker*, and *Thayer* v. *Union Tool Co.*, as authority to sustain the views of the Appellate Court, and neither of them, when carefully examined, sustains that position. In both cases the statute made the stockholders jointly, as well as severally, liable at law, while the statute in this case makes the stockholders severally liable, by the use of the word "individually." See Thompson on Liability of Stockholders, sec. 36; *McCarthy* v. *Lavasche*, 89 Ill. 287; *Aspinwall* v. *Lucchi*, 57 N. Y. 331.

Where a stockholder takes up, cancels and destroys an amount of deposits due from the bank equal to the amount of his individual liability, he has complied with his obligation under the statute, and is discharged. *Jones* v. *Wiltberger*, 42 Ga. 575; *Boyd* v. *Hall*, 56 id. 563; *Briggs* v. *Penniman*, 8 Cow. 386.

In New York, the case of *Bailey* v. *Bancker* is in effect overruled by *Mathes* v. *Neidig,* 72 N. Y. 200, as well as all other cases based on that case.

Mr. W. C. Kueffner, for the appellee:

This court, in discussing the position of stockholders under similar statutes, has treated them as co-partners in respect to their liability. (*Fuller* v. *Ledden,* 87 Ill. 312; *McCarthy* v. *Lavasche,* 89 id. 270; *Wincock* v. *Turpin,* 96 id. 143.) Similar views have been expressed in other States, and in holding that one stockholder can not sue. another at law. *Beers* v. *Waterbury,* 8 Bosw. 397; *Bailey* v. *Bancker,* 2 Hill, 190; *Richardson* v. *Abendroth,* 43 Barb. 165; *Thayer* v. *Union Tool Co.* 4 Gray, 80; *Weber* v. *Frickey,* 47 Md. 200; *Meisser* v. *Thompson,* 9 Bradw. 309.

This court has decided in a suit under this very charter that a stockholder can not, in a suit against him to enforce his individual liability, plead as a set-off an indebtedness of the corporation to himself. *Buchanan* v. *Meisser,* 105 Ill. 639.

The charter declares that the stockholders shall be "responsible for an amount equal to the stock held by them, respectively." By the construction contended for by appellant, he might escape by the payment of a mere nominal sum, if by operating on the fears or necessities of creditors he could induce them to give an amount of claims equal to the stock. If the stockholder can be allowed at all for claims bought by him, they should be cancelled, and he should only be allowed for the sum actually paid to take them up.

Mr. Justice Mulkey delivered the opinion of the Court:

This action was brought by Sophia Meisser, the appellee, in the circuit court of St. Clair county, against Amos Thompson, .the appellant, as a stockholder in the People's Bank of Belleville, to recover the amount of a deposit made by her in said

bank on the 20th of June, 1877, for the sum of $955. The cause was tried in the City Court of East St. Louis, to which it had been removed by change of venue, resulting in a judgment in her favor for $955 debt, and $45 damages and costs, which, on appeal to the Appellate Court for the Fourth District, was affirmed, and Thompson has appealed to this court.

The provision in the bank's charter upon which the individual liability of the stockholders is founded, and upon which this suit was brought, is as follows: "Whenever default shall be made in the payment of any debt or liability contracted by said corporation, the stockholders shall be held individually responsible for an amount equal to the amount of the stock held by them, respectively." This provision of the charter, if not in the precise terms, is in substance and effect to be found in the charters of numerous banking and business corporations in this and other States of the Union, and has frequently, here and elsewhere, been the subject of judicial discussion, and without stopping to review the cases, it may be confidently asserted the following propositions are established by a decided weight of authority:

*First*—The stockholders, with respect to their personal liability under a provision of this kind, are, in effect, partners, and are consequently jointly and severally liable to the creditors of the corporation, exclusive of the stockholders themselves, to the amount of stock held by them, respectively.

*Second*—As a corollary of this proposition, one stockholder can not maintain an action at law on such personal liability against a fellow-stockholder, any more than one partner can sue his co-partner at law on a claim against the partnership which he has purchased from a creditor of the firm, for it is an elementary principle the law will not permit one to recover, in an action at law, on a demand which he himself is equally bound with the defendant to pay.

*Third*—It further results from the proposition first stated, that in an action by an outside creditor of the corporation to

enforce this personal liability against a stockholder, the latter can not set off a debt due from the corporation to himself. *Buchanan* v. *Meisser*, 105 Ill. 638; *Wincock* v. *Turpin*, 96 id. 143; *McCarthy* v. *Lavasche*, 89 id. 270; *Fuller* v. *Ledden*, 87 id. 310; *Thayer* v. *Union Tool Co.* 4 Gray, 80; *Sawyer* v. *Hoag*, 17 Wall. 610; *Weber* v. *Frickey*, 47 Md. 200; *Beers* v. *Waterbury*, 8 Bosw. (N. Y.) 397; *Meisser* v. *Thompson*, 9 Bradw. 368.

That the defendant was originally liable to plaintiff for the amount of her claim is confessed by the pleadings, but it is claimed that by reason of the facts hereinafter stated such liability has since been discharged.

Something less than a year after the making of this deposit the bank became insolvent, and made a voluntary assignment of all its effects to one Joseph Penn, for the benefit of creditors, the deed of assignment bearing date April 22, 1878. At the time of the deposit, as well as of the assignment for the benefit of creditors, the defendant was a stockholder in the bank, being the owner of ten shares of the bank stock, of the par value of $100 each, and of the aggregate value of $1000. A short time after the failure of the bank the defendant purchased of one Isaac Phillips, an outside creditor, bank-deposit certificates amounting in the aggregate, at their face value, to $3200, for which he paid fifteen cents on the dollar. Thompson retained $1000 in these certificates, and sold to other parties the residue. Kraft, Heinzleman and Maus were also stockholders in the bank, and were severally owners of stock therein to the amount of $1000, and they also severally held bank-deposit certificates, purchased from outside creditors of the bank, amounting to $1000 dollars. Such being the condition of affairs, the parties, with a view of relieving themselves from this personal liability under the charter, mutually agreed between themselves that Thompson should confess a judgment in favor of Heinzleman for the amount of deposit certificates held by the latter; that Heinzleman should con-

fess a like judgment in favor of Maus for the $1000 in certificates held by him; that Maus should confess a similar judgment in favor of Kraft for the amount of his certificates, and to complete the circle, that Kraft should confess a judgment in favor of Thompson for the $1000 in certificates held by him, and judgments were accordingly confessed in the St. Clair circuit court, in conformity with this arrangement. It further appears, on the same day these judgments were rendered, Kraft, in pursuance of an understanding to that effect, procured $1000 from a convenient bank, and paid the same to Thompson, in satisfaction of the latter's judgment, Thompson passed the money over to Heinzleman, Heinzleman on to Maus, and Maus back to Kraft, and the latter back to the bank. All this was done with the view of showing an actual payment and satisfaction of these several judgments, and satisfaction was accordingly entered upon the record in each case, and such is the condition of these judgments, we presume, at the present time.

On the trial, which was had before the court without a jury, the defendant offered in evidence the certificates of deposit which were the foundation of his suit against Kraft, and whereon the latter confessed a judgment in Thompson's favor, as above stated, the same having been taken from the files in that case. They were offered, as is claimed by counsel, for the purpose of proving, under appellant's ninth amended plea, that he had paid to a creditor of the bank, other than a stockholder, an amount equal to his individual liability under the charter. This evidence was heard against the objections of the plaintiff. Nevertheless, the court, upon the whole case, refused to hold as law the following proposition, namely: "If Thompson, before this suit was brought, purchased of a creditor of the bank who was not a stockholder therein, for the purpose of cancelling and paying his (Thompson's) double liability as a stockholder of the bank, a certificate of deposit of the bank for an amount equal to

the amount of his stock, and has produced the same on trial
hereof for cancellation, the plaintiff can not recover,"—and
the appellant insists this was error. We do not think so.
The facts relied on for the purpose of showing such a pay-
ment, in our judgment prove just the contrary, and hence
there was no evidence on which to base the proposition. We
have no doubt the law permits a stockholder to relieve him-
self of this individual liability by in good faith paying the
amount of such liability to any outside creditor of the cor-
poration who has a right to demand of him such payment.
But no such a case as that is presented by this record. It
is true an attempt has been made by appellant to show such
a payment by bringing into court and offering in evidence
deposit certificates bought by him of Phillips at fifteen cents
on the dollar, to the amount of $1000. But it further appears
these very certificates were brought from the files of court in
the old suit between appellant and Kraft, wherein the latter
confessed a judgment in appellant's favor on these same cer-
tificates, and this judgment, as we have already seen, was on
the day of its rendition entered satisfied by appellant. The
parties may have been, and probably were, mistaken as to
the legal effect of the transaction, but they fully understood
what they were doing, and must therefore abide the conse-
quences of their acts. It is not claimed there was any mis-
take of fact, but even if there had been, it could not be
corrected in this proceeding. The parties were, doubtless,
seeking to obtain an advantage over the outside creditors of
the bank, who had a right to rely on their personal liability
as stockholders, and if, by a misapprehension of the legal
effect of the measures adopted for that purpose, a loss has
been sustained, they have no one to blame for it but them-
selves.

It is clear when appellant recovered a judgment against
Kraft for the amount of these certificates, the indebtedness
represented by them became merged in the judgment, and

the certificates themselves became *functus officio*. The debt having thus become one of record, when the appellant voluntarily discharged it by the entry of satisfaction, that was an end of it. For reasons already stated, it is clear if Kraft had defended, Thompson could not have recovered, for so long as the certificates were to be regarded as existing obligations against the stockholders, under the individual liability clause in the charter Thompson was as much bound to pay them as Kraft. But the failure of the latter to make this defence did not at all change the legal effect of the judgment or its subsequent satisfaction, and Kraft and Thompson both are now estopped from attributing to either any other legal effect than that which the law ascribes to it. It is true appellant claims that in buying these certificates it was with a view of discharging his double liability as a stockholder, though he admits, at the same time, he sold most of them to others, and that he sued and recovered a judgment against a fellow-stockholder on the others. Yet, whatever may have been intended, it is clear the appellant can not, by mere verbal statements as a witness, qualify, or in any manner limit, the effect of the legal proceedings with respect to said certificates.

But outside of all this, we do not think stockholders can discharge themselves from this statutory liability except by paying the full amount of it, where the whole of it is required to meet the demands of outside creditors. This liability constitutes a fund to satisfy their claims, and so long as any of such claims exist, those of the stockholders who have not actually paid the full amount of their liability are bound to respond. It is clear one partner is not permitted to make a profit not shared in by the other partners, by buying up the firm's debts at a discount. So, as all the stockholders are in effect partners with respect to the fund arising from their individual liability under the charter, on the same principle, one stockholder can not obtain an advantage over his fellow-

stockholders by buying in the claims of outside creditors of the corporation at a discount. Of course, the outside creditor thus selling would be bound by his bargain, but the rights of the other outside creditors, not parties to the transaction, could not be affected by it, except so far as the common fund arising from this individual liability of the stockholders was diminished by actual payment. This common fund is open to all the outside creditors alike, and each one has the simple right to use it in payment of his own claim so long as any of it remains for that purpose, and it therefore follows he can not, by any contract or agreement with a particular stockholder, affect this common right of other creditors. If he does not see proper to appropriate enough of the common fund to pay his entire claim, that is his own lookout. Until he does so, the claims of the others attach to what remains. Had appellant held the deposit certificates purchased by him, or any part of them, as evidence of his having discharged, in whole or in part, this personal liability, it would have been a good defence to this suit, to the extent of the money actually and in good faith paid out by him for that purpose; but instead of that, he sues another stockholder for the full amount of the certificates, and gets a judgment therefor, which the record shows was satisfied by actual payment, and this must be accepted as an end of the matter, so far as the parties to this suit are concerned. This is the only construction of the provision of the statute in question which will place the fund thereby intended to be provided for the outside creditors exclusively, completely beyond control of the stockholders. The latter, knowing their individual liability can only be discharged by actual payment so long as there are any outside creditors whose claims are unsatisfied, will have the strongest possible inducement to see that the affairs of the corporation are managed with prudence and economy. On the other hand, if it be once understood that upon the insolvency of the corporation the stockholders may go upon

the market, among its panic-stricken creditors, and purchase their claims against the company at a mere nominal price, and thereby relieve themselves of their individual liability, what advantage would the statute be to the outside creditors? And what special interest would the stockholders have to see the affairs of the corporation economically and honestly conducted? The present case affords a sufficient answer to these questions.

We are aware that authorities are to be found not in accord with what is here said, but the general principles affecting the question, as shown by the cases already cited, necessarily lead to this result. Besides, we must reserve the right to construe our own statute, and in doing so we have adopted that construction which, in our judgment, will best effectuate the legislative intent, and such as is demanded by a wise public policy.

The conclusion reached by the lower courts being in accord with our own, the judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*