M. H. Solliday et al., Appellees, v. John B. Colegrove and Company State Bank et al., Defendants. George W. Spates, as Executor of the Last Will and Testament of Josiah Hall, Deceased, Appellant.

Gen. No. 8,806.

Heard in this court at the October term, 1933. Opinion filed April 11, 1934.

PROVINE & WILLIAMS, for appellant.

LEAL W. REESE, for appellees.

MR. JUSTICE FULTON delivered the opinion of the court.

This was a suit by creditors to collect the constitutional and statutory liability of stockholders in the John B. Colegrove & Co. State Bank, which closed and ceased doing business on October 10, 1929. The case was tried upon a written stipulation of issues and facts which disclosed only one question of law for the court to determine.

The bank had been operating under a State charter since December 28, 1920, and had a capital stock of

$200,000 divided into 2,000 shares of the par value of $100 per share. Josiah Hall, now deceased, was the owner of 100 shares of said capital stock at the time of closing. The bank was badly insolvent and there became due from each of the stockholders a full assessment of $100 per share. Therefore Josiah Hall became liable to the creditors of said bank for the sum of $10,000. He was also a director in the bank, and as such director had signed an indemnity agreement to the New Amsterdam Casualty Company, which had issued a deposit guaranty bond to the Peabody Coal Company, one of the large depositors of the John B. Colegrove & Co. State Bank.

At the time the bank closed the Peabody Coal Company had on deposit the sum of $76,958.84 and under its deposit guaranty contract the Casualty Company had agreed to indemnify the Coal Company from any loss incurred upon its account, with the Colegrove Bank. At the time the Casualty Company executed its guaranty bond to the Coal Company it required the directors of the bank to sign a contract by which the directors, including Josiah Hall, bound themselves to save the Casualty Company harmless for any damages it might sustain by reason of the guaranty of the Peabody Coal Company account. Thus when the Coal Company became a depositor of the bank, its account was guaranteed by the New Amsterdam Casualty Company, and the Casualty Company in turn was indemnified against loss by a separate agreement executed by the directors of the bank. After the bank closed the Coal Company filed its claim with the receiver of the bank and the claim was duly allowed. Later it was presented to the court and allowed as a general claim against the bank. The Coal Company then executed an assignment to the New Amsterdam Casualty Company for the sum of $27,500 of its claim and the Casualty Company thereby became a creditor

of the bank for that amount. On December 10, 1929, the Casualty Company made demand upon Josiah Hall for the sum of $10,000 which amount was on the same day duly paid by Josiah Hall, to the Casualty Company. The Casualty Company agreed that the amount so received was in full and complete satisfaction of all its claims against Josiah Hall, and with the agreement in so far as the Casualty Company could agree, that the liability of the said Josiah Hall as a stockholder in the bank would be thereby extinguished. The trial court held that the payment of $10,000 so made did not relieve Josiah Hall from his liability as a stockholder of the bank and that the appellant, as executor of the last will and testament of the said Josiah Hall, was liable to the creditors of the bank for an additional sum of $10,000 and this is the sole and only question presented by the record.

The payment was made by Josiah Hall just two days before the original bill of complaint was filed in this cause. No service was ever had upon Josiah Hall and he became deceased on December 27, 1929.

It is the contention of appellant that Josiah Hall owed but one stock liability and having made payment of the sum of $10,000 to a bona fide creditor of the bank prior to the institution of this suit such payment operated fully to discharge his liability as a stockholder. In support of this position appellant relies largely on the case of *Thompson v. Meisser,* 108 Ill. 359, which states that no doubt, the law permits a stockholder to relieve himself of this individual liability by in good faith paying the amount of such liability to any outside creditor of the corporation who has a right to demand of him such payment. But this case is also authority for the principle that in an action to enforce the individual liability of a stockholder the stockholder cannot set off a debt due from the corporation to himself. In this case if Josiah Hall had paid

an outside creditor the $10,000 for the sole purpose of extinguishing his liability as a stockholder in the bank, he might properly have been discharged from further payment but it is evident that the main purpose was to settle the debt or obligation due from him to the Casualty Company growing out of a written agreement separate and distinct from his statutory liability as a stockholder. He was liable on this indemnity agreement regardless of whether or not he was a stockholder or director of the Colegrove Bank. In paying this obligation he became subrogated to the rights of the New Amsterdam Casualty Company to the extent of his payment and therefore was entitled to present a claim against the bank for the sum of $10,000 and to collect dividends on said claim. By signing the indemnity agreement to the Casualty Company, he created one liability; by becoming the owner of 100 shares of stock in the Colegrove Bank he accepted another liability. It is our judgment that the payment of either one of these obligations would not discharge him from liability on the other and therefore the circuit court was correct in holding that the payment of $10,000 to the Casualty Company did not operate to extinguish the liability of Josiah Hall as a stockholder in the Colegrove Bank, and the decree of that court is therefore affirmed.

*Affirmed.*