(No. 22715.—

GLEN HUGHES *et al.* Appellees, *vs.* RUBIE F. AUBERE *et al.* Appellants.

*Opinion filed June 14, 1935.*

RICHARD H. RADLEY, for appellants.

SCOTT W. LUCAS, and LYMAN LACEY, JR., for appellees.

Per CURIAM: The Mason County State Bank was closed by the Auditor of Public Accounts on January 16, 1932. At that time Marian McFadden owned four shares of the capital stock and had $214.04 on deposit. Bruce McFadden owned five shares and had $67.09 on deposit. A chancery

proceeding was instituted in the circuit court of Mason county by other creditors of the bank to enforce the constitutional and statutory liability of the stockholders. A decree was entered finding that the liabilities of the bank exceeded its assets by more than $100,000 and fixing the liability of appellants and the other stockholders at $100 per share for each share of stock held by them, respectively. Judgment for $400 was entered against Marian McFadden and for $500 against Bruce McFadden. Their claims as depositors were allowed by the receiver. The only question presented here is whether, under the constitution, creditors who are also stockholders of a bank can participate in the distribution of the fund collected from the stockholders. The chancellor held that they are not entitled to share in the fund. This appeal is prosecuted from that decree.

Section 6 of article 11 of the constitution of this State provides: "Every stockholder in a banking corporation or institution shall be individually responsible and liable to its creditors, over and above the amount of stock by him or her held, to an amount equal to his or her respective shares so held, for all its liabilities accruing while he or she remains such stockholder." Section 6 of the Banking act (Smith's Stat. 1933, chap. 16½, par. 6,) contains a provision nearly identical.

The stockholders' liability created by the constitution is a several and individual liability to the creditors of the bank. It is not a liability to the corporation but to each individual creditor on the part of each individual stockholder. It was intended solely for the benefit of creditors. In an action at law by a creditor or creditors of the bank to enforce the personal liability of a stockholder the latter can not set off a debt due him from the bank. (*Thompson* v. *Meisser,* 108 Ill. 359; *Buchanan* v. *Meisser,* 105 id. 638.) Two reasons for this are apparent. One is, that in an action at law debts that may be set off must be mutual and between the same parties. (*Buchanan* v. *Meisser, supra.*)

The other is, that if a stockholder could set off his claim as a creditor against his personal liability as a stockholder he might be paid in full while other creditors would receive only a part of the amount due them. *Matter of Empire State Bank*, 18 N. Y. 227.

In reviewing former decisions of this court in actions at law it is important to keep in mind the facts upon which the decisions were based. In *Thompson* v. *Meisser, supra,* we held that a stockholder in a bank whose charter imposed a liability similar to the present constitutional provision could not relieve himself of his individual liability to outside creditors by confessing judgment in favor of another stockholder and causing the judgment to be satisfied. We said that one stockholder could not maintain an action at law against another stockholder on account of a debt of the corporation any more than one partner can sue his co-partner at law on a claim against the partnership. It also appeared in that case that the transactions by which the judgment was obtained were not *bona fide* but were subterfuges to avoid personal liability. After the bank failed Thompson purchased a certificate of deposit from a creditor of the bank for fifteen cents on the dollar. Three other stockholders purchased other certificates of deposit and each of them confessed judgment in favor of one of the others. We held that the stockholders were liable to the creditors of the corporation, exclusive of the stockholders themselves, to the amount of stock held by them, respectively, and that they could not discharge such liability except by paying the full amount of it where the whole of it is required to meet the demands of outside creditors. The expressions as to the liability to outside creditors must be understood as applied to the facts in that case. The gist of the opinion is that stockholders cannot defeat the claims of outside creditors by paying themselves. Nothing there said justifies the conclusion that a stockholder of a bank may not also be a *bona fide* creditor of the institution.

Neither the constitution nor the statute confines the liabilities of the bank for which the stockholders are liable, to debts of creditors other than the stockholders. The liability of the stockholders is by the express terms of the constitution and the statute to "its creditors * * * for all its liabilities," without distinction between liabilities to outsiders and liabilities to stockholders. The language is plain and unequivocal, and there is no room to interpret it as meaning anything else than what it plainly and unmistakably provides.

While one stockholder may not collect a debt owing by the bank in an action at law against another stockholder to the exclusion of outside creditors, none of the adjudicated cases in this State indicates that a stockholder-creditor may not have relief as one of the creditors in an appropriate proceeding after he has discharged his individual liability. When a stockholder has discharged his personal liability he stands on the same ground as if he had never been a stockholder, and his claim as a depositor is as much a liability of the bank as any of its other debts.

In *Oswald* v. *Minneapolis Times Co.* 65 Minn. 249, 68 N. W. 15, it was held that the constitutional individual liability of the stockholders for corporate debts, which is similar to our provision, extends to debts due creditors who are also stockholders as well as to debts due those who are not members of the corporation. This holding was followed in *Janney* v. *Minneapolis Industrial Exposition,* 79 Minn. 488, 82 N. W. 984, and in *Ebert Hicken Co.* v. *Scott-Bevier Iron Mining Co.* 177 id. 12, 224 N. W. 454. To the same effect is *Stoecker* v. *Goodman,* 183 Ky. 330, 209 S. W. 374, and *Easton Nat. Bank* v. *American Brick and Tile Co.* 70 N. J. Eq. 732, 64 Atl. 917. In *Thielsen* v. *Linde,* 127 Ore. 639, 271 Pac. 983, it is held that a stockholder-creditor could not collect his debt where he had not paid his own subscription but otherwise if he had paid it. In *Guerney* v. *Moore,* 131 Mo. 650, 32 S. W.

1132, it is said that each stockholder simply becomes liable to the creditors of the company for an amount equal to the amount of his stock, or double the amount as the statute provides, but there is nothing which forbids a stockholder from becoming a creditor of the corporation or invoking the remedies open to other creditors. In *Mathez* v. *Neidig,* 72 N. Y. 100, the court held that the statutory liability constitutes a fund which belongs to the creditors to secure the payment of their debts, and that it belongs to all the creditors—those who are stockholders as well as those who are not; that stockholders have the same right to deal with the corporation as other persons have, and as creditors they are entitled to the same measure of protection. In *Matter of Empire State Bank, supra,* it was held that as a creditor the stockholder is entitled only to a dividend in proportion to other creditors. It is apparent that if the rule were otherwise, stockholder-creditors, after paying their individual liabilities, would not receive the same proportion of their debts as other creditors. The provisions of the constitution and the statute were intended to take care of all liabilities in the same proportions. It is also to be observed that if stockholder-depositors in a bank cannot, in case of its insolvency, share in the liability fund on the same basis as other creditors, the tendency would be for them not to become depositors. Such an anomalous situation would hamper the institution in which they were vitally interested, lessen its efficiency and destroy confidence in its integrity.

Our conclusion is, that whenever a stockholder has discharged his constitutional liability he is entitled to the same remedies as other creditors and to share with them in the fund derived from the enforcement of the constitutional liability of stockholders.

The decree of the circuit court is reversed and the cause remanded, with directions to enter a decree in conformity with the views herein expressed.

*Reversed and remanded, with directions.*