The Retirement Board of the Municipal Employees'
Annuity and Benefit Fund of Chicago, Appellant,
v. Violet Bartholomew Gysin and Uptown State
Bank, Defendants. Uptown State Bank, Appellee.

Gen. No. 40,527.

Opinion filed May 22, 1939. Rehearing denied June 6, 1939.

BARNET HODES, Corporation Counsel, and GEORGE F.
MULLIGAN, Assistant Corporation Counsel, for appel-
lant.

Ernest A. Eklund, of Chicago, for appellee Uptown State Bank; John N. Thornburn, of Chicago, of counsel.

Mr. Presiding Justice McSurely delivered the opinion of the court.

This is an appeal by plaintiff from an order dismissing its complaint as to the defendant Uptown State Bank. The bank, hereafter called defendant, cashed checks drawn by plaintiff which contained certain conditions as to payment; these were ignored by defendant who subsequently through the clearing house collected the amounts of these checks from plaintiff. Plaintiff says that because of defendant's negligent indorsement and collection from plaintiff of the amounts of the checks it is liable to plaintiff for the money so wrongfully obtained, which the complaint asserts aggregated $5,425.08. On motion of defendant Uptown State Bank the complaint was stricken and it was ordered that defendant recover from plaintiff its costs.

Plaintiff is the Board of Trustees of the Municipal Employees' Annuity and Benefit Fund of Chicago, which is the pension fund of the Civil Service Employees of Chicago. Violet Bartholomew Gysin was formerly the widow of Forrest Bartholomew, a deceased city employee; as such widow she was paid a pension or annuity of $29.55 a month; under the law governing this fund the pension or annuity of a widow terminates when she again marries. Ch. 24, par. 1101, sec. 58, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 100.067].

Forrest Bartholomew died January 20, 1924, and his widow was awarded and paid her annuity as a widow; January 2, 1926, she was married to Werner H. Gysin at Crown Point, Indiana; this marriage was not disclosed to plaintiff; she continued to receive her monthly checks, posing as a widow; prior to the exe-

cution of each check there was procured from her a signed statement to the effect that she was unmarried; she would cash these checks at the bank of the defendant Uptown State Bank, a banking corporation in Chicago; the bank subsequently collected the amount of each check from plaintiff's treasurer.

Beginning October 1, 1933, plaintiff had printed on the back of these checks a form of warranty which provided, among other things, that each indorser warrants, "that if the payee is a widow annuitant she was unmarried at the time of such indorsement."

Defendant bank thereafter cashed checks presented by Mrs. Gysin and obtained the funds represented by them from plaintiff's treasurer without regard to this warranty that the payee was unmarried. All these checks were made payable to the order of Violet Bartholomew. The checks involved on this appeal are the checks paid subsequent to October 1, 1933, when this form of warranty was attached to the checks.

We hold that such a warranty cannot be imposed upon a bank. The corporate powers of banks in this State are limited and controlled by section 1 of the Banking Act, ch. 16½, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 10.01]. This provides that banks may be formed for the purpose of "doing a general banking business." These words connote the ordinary and usual powers exercised by banks, such as lending money, discounting notes and receiving deposits. To require a bank to guarantee the domestic relations of a customer or of a payee in a check would go far beyond the requirements of a bank in doing a general banking business. As counsel for defendant suggest, statutes require periodical statements of the condition of banks, and periodical inspections are made by officers of the government. These are for the purpose of securing the greatest possible safety of funds entrusted to the banks. A guarantee such as this before us creates against a bank a contingent liability which

cannot be measured or determined, therefore cannot be accurately reported. *Knass v. Madison & Kedzie State Bank*, 354 Ill. 554, 565.

Moreover, such warranties are void as against public policy and are prohibited by statute. Par. 64, sec. 4, ch. 38, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 10.53] provides that it shall not be lawful for any bank receiving deposits to guarantee the payment of the principal of any notes or other evidences of indebtedness on account of any person or corporation. This act was for the purpose of protecting bank depositors. *People v. Tallmadge*, 328 Ill. 210.

If a warranty as to the marital condition of a customer could be imposed upon a bank, it could be required to guarantee not only the marital condition but also as to the number of children the customer might have, with their respective ages and sex. Certainly such warranties would be far apart from the general banking business.

We hold that the action of the trial court in striking the complaint as to the Uptown State Bank was proper, and it is affirmed.

*Affirmed.*

MATCHETT and O'CONNOR, JJ., concur.