Mary Flanagan et al., Appellants, v. Madison Square State Bank et al., Defendants. Katherine Achenbach et al., Appellees.

Gen. No. 40,581.

Opinion filed December 13, 1939.

Aaron Soble, John C. DeWolfe and Robert E. Dowling, all of Chicago, for appellants.

Edward J. Warren, Joseph L. Mack, Bullinger & Michels, John W. Jedlan, Benjamin S. Adamowski, George E. Billett, John Taylor Booz, Castle, Williams & McCarthy, Gann, Secord, Stead & McIntosh, Hopkins, Sutter, Halls & DeWolfe, Marshall & Marshall, Mayer, Meyer, Austrian & Platt, McNab, Holmes & Long, Harold L. Reeve, John Mann, Sidley, McPherson, Austin & Burgess, Frederick W. Snider and John F. Voigt, all of Chicago, for appellees; Frank Michels, of Chicago, of counsel.

Mr. Presiding Justice Denis E. Sullivan delivered the opinion of the court.

This is an appeal from an order entered in the superior court on September 12, 1938, sustaining some 47 motions to dismiss a second amendment, as amended, to plaintiffs' second amended and supplemental bill of complaint, which complaint was filed on February 23, 1934.

Said complaint set forth that the Madison Square State Bank, a corporation, was organized on or about March 31, 1922; that its capital stock amounted to $200,000, which consisted of 2,000 shares of the par value of $100 each; that said bank was indebted to various persons, firms and corporations, according to its books of account, in an amount of approximately $1,500,000 to depositors and creditors, and was therefore insolvent and a receiver was appointed on June 30, 1932; that since June 15, 1932, said bank has ceased doing business.

Said complaint further alleges that the National Republic Bancorporation owned 1001 shares of the Madison Square State Bank stock.

It is charged that National Republic Bancorporation was incorporated as an investment company and had the stock of other banks in the name of the said Bancorporation as owner thereof in order to limit and defeat the liability of the stockholders who, in truth and in fact, were the real owners of the stock in these various unit banks.

The bill sought to hold the defendants who were holding the Bancorporation stock to be the real, true and beneficial owners of the stock of the Madison Square State Bank, which stock was registered in the name of the Bancorporation.

Some of the motions made to dismiss the plaintiffs' pleadings contained allegations of fact which are *dehors* the record. Other motions made do not give an adequate reason for finding the complaint insufficient. Where a motion to dismiss is made under the Practice Act, it is equivalent to a demurrer, and admits as true all the allegations that are well pleaded. *Parker v. Kirkland*, 298 Ill. App. 340.

Plaintiffs' theory of the case is that the second amendment as amended, taken with their second amended and supplemental bill of complaint, sets forth a sufficient cause of action against the shareholders of Bancorporation and that the trial court erred in sustaining defendants' motions to dismiss, and dismissing plaintiffs' second amendment, as amended, for want of equity, at plaintiff's costs.

Defendants' theory of the case is that the second amendment is based upon facts which existed at the time of the filing of the original bill of complaint, and, therefore, it was improperly filed after decree; that a final decree having already been entered, the court was without jurisdiction to proceed under plaintiffs' second amendment; that the second amendment does

not allege facts which would entitle the court to disregard the corporate entity of Bancorporation and to treat its stockholders as owners of the bank stocks; that it does not appear that the 1,217 defendants who were not originally shareholders of Madison Square State Bank were anything other than ordinary stockholders of National Republic Bancorporation, a *de jure* corporation; that as to the other 110 defendants, the decree of January 22, 1937, was *res adjudicata;* that if the officers and directors of Bancorporation illegally conducted its affairs, it would not subject its stockholders to a liability because of such acts; that the second amendment does not set up sufficient facts to support plaintiffs' cause of action; that if the acquisition and ownership of bank stocks by Bancorporation was illegal, as is contended by plaintiffs, then such stocks were never validly acquired by Bancorporation so as to render either it or its stockholders liable as owners of such bank stock; that the amended complaint attempts to make a collateral attack upon Bancorporation; and that the second amendment and the notice of appeal does not purport to be on behalf of the creditors other than plaintiffs, whose claims aggregate $136.90; and therefore that sufficient has been collected under said second amendment to satisfy the claims of plaintiffs.

Reference is made in the argument supporting defendants' theory of the case, and also in some of the motions, to a decree which defendants allege was entered in a suit against the Bancorporation, which decree would be in the nature of a release and satisfaction of any claims against it. But, such a decree does not appear in the abstract of record or in the additional abstract of record, and even though it were proper on a motion to dismiss, such evidence has not been presented for our consideration.

It appears that the real purpose of this bill is based on the theory that there are some real owners of the bank stock, and while it is not in their respective names,

it is in the name of the Bancorporation and they should be subject to the added liability created by the Constitution and the statutes in this case.

In the case of *Gahagan v. Whitney*, 359 Ill. 419, 421, it was said:

"It may be conceded that a bank stock liability cannot be imposed upon one against his will, but the character of the obligation is such that slight evidence of its acceptance is, in the absence of countervailing proof, sufficient. This is rightly so, for otherwise the owner of stock to whom it has not been transferred on the books of the bank might permit it to lie awaiting future developments of the bank and to speculate upon the benefits of accepting or rejecting it. Here the stock was inventoried by plaintiff in error as a part of her husband's estate. She was administratrix and sole heir of his personal estate. This she is, in law, presumed to have known. She accepted dividend checks made out to her personally, and, so far as her final report shows, used by her personally. It is a fair conclusion to be drawn from the foregoing facts that she accepted the stock as a part of her husband's personal estate which came to her through his death.

"Counsel argue, however, that there was no transfer of the stock on the books of the bank, and, since a stock liability is a contract liability, only those may be held liable whose names appear on the books of the bank as stockholders. Her counsel cite *Golden v. Cervenka*, 278 Ill. 409, where the statement is made that 'the liability of the stockholders to the creditors, though created by the constitution, is based upon contract.' And also *Bell v. Farwell*, 176 Ill. 489, where it was said: 'Persons who give credit to the corporation do so upon the faith of the personal liability of the stockholders, and upon what principle can it be said that the liability is not contractual?' The fact that this liability is contractual in its nature does not, however, prove plaintiff in error's case. Section 6 of article 11 of the constitution declares every stockholder in a banking corporation or institution to be individually respon-

sible and liable to its creditors in the manner and to the extent therein specified. The question properly arises, therefore, whether the party sought to be charged is a stockholder. The constitution contemplates that the actual owner of the stock shall bear the liability arising thereon. It is not necessary to the establishment of stock liability of the actual owner of the stock that the shares be transferred on the books of the company. It is a rule recognized in this State and elsewhere, that where it is sought to hold the real owner of the stock though his name does not appear upon the transfer books of the bank, the court will determine who is the real owner and decree accordingly. In *Gillett v. Chicago Title and Trust Co.,* 230 Ill. 373, stock issued in the name of another was found in the possession of Egbert W. Gillett at his death. The evidence showed that he was the actual owner though his name did not appear as stockholder, and a decree against his executor for the face value of the stock was upheld. It is a general rule that an equitable assignee or owner of stock in an incorporated company may, in the absence of agreement to the contrary, use it as his own property, control it and receive dividends thereon, and, as between himself and his assignor, he is bound to assume the burdens of ownership imposed. *Kellogg v. Stockwell,* 75 Ill. 68.

"That the actual owner of stock may be held to answer for the liabilities of stock ownership though his name does not appear upon the transfer books of the bank has been frequently stated in other jurisdictions. *Early v. Richardson,* 280 U. S. 496; *Ohio Valley Nat. Bank v. Hulitt,* 204 id. 162; *Commissioner of Banks v. Tremont Bank and Trust Co.,* 259 Mass. 162, 156 N. E. 7; *Western Pacific Railroad Co. v. Godfrey,* 166 Cal. 346, 136 Pac. 284; *Pignatel v. Mobley,* 38 Ga. App. 508, 144 S. E. 385; *Maddison v. Bryan,* 31 N. M. 404, 247 Pac. 275."

We can see no reason why the creditors should not be permitted to show who are the real owners of the stock in these banks. If the record owners are the

real owners, then there appears to be no necessity for going further to determine such fact. But, if as charged, the record owners are not the real owners, but the Bancorporation is being used for the purpose of concealing the statutory liability of the real owners, then the investigating power of a court of equity is always available for the purpose of showing the real facts.

Without discussing at length all the points raised, suffice it to say that, having read the second amended bill of complaint, as amended, we are constrained to hold that it states a cause of action and the court was in error in dismissing the bill on this motion. An answer should be filed so that the real facts may be developed.

Chapter 110, ¶ 166, sec. 42, subsec. 2, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 104.042], reads as follows:

"(2) No pleading shall be deemed bad in substance which shall contain such information as shall reasonably inform the opposite party of the nature of the claim of defense which he is called upon to meet."

For the reasons herein given the decree dismissing the complaint and the amendment thereto for want of equity, is hereby reversed and the cause is remanded with directions to the trial court to enter an order overruling the motions to dismiss and directing that answers be filed to said plaintiffs' claim within a reasonable time.

*Order reversed and cause remanded with directions.*

HEBEL, J., concurs, BURKE, J., took no part.