Mary Flanagan et al., Appellants, v. First National
Bank of Chicago, Appellee.

Gen. No. 41,328.

496

Opinion filed December 23, 1940.

AARON SOBLE and JOHN C. DEWOLFE, both of Chicago, for appellants; JEROME S. KLEIN, of Chicago, of counsel.

AMBERG, LIVINGSTON, KEARNS & DAHLIN, of Chicago, for appellee; JOHN W. KEARNS and FRANK L. PAUL, of Chicago, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

Plaintiffs are representative creditors of the Madison Square State Bank, which was closed by the auditor of public accounts on June 15, 1932; they brought a suit to enforce a stockholders' liability and February 11, 1937, had a decree against the First Trust and Savings Bank, trustee, for $10,000; June 22, 1939, the present suit was filed by the same plaintiffs to enforce the collection of this decree from defendant, the First National Bank of Chicago; answer was filed by the defendant bank and upon hearing of the complaint and answer and a stipulation as to certain facts, the trial court ordered plaintiffs' suit dismissed for want of equity and they appeal.

The facts as shown by the pleadings and the stipulation are that January, 1927, the First Trust and Savings Bank entered into a trust agreement with Morris Metcoff whereby it agreed to hold 100 shares of his stock of the Madison Square State Bank in trust; February, 1929, the First Trust and Savings Bank

consolidated with the Union Trust Company; the consolidated institution was named First Union Trust and Savings Bank, and this institution succeeded the First Trust and Savings Bank as trustee of the Metcoff trust; in July, 1933, this First Union Trust and Savings Bank consolidated with the First National Bank of Chicago. In September, 1932, prior to the consolidation with the defendant bank, Metcoff terminated the trust agreement by an instrument in writing and withdrew from the trust all properties then held in trust by the First Union Trust and Savings Bank.

Plaintiffs contend that the decree entered in the stockholders' suit February 11, 1937, for $10,000 against the First Trust and Savings Bank, trustee, means that bank is personally liable and when the defendant First National Bank received all of the assets of the First Union Trust and Savings Bank it became personally responsible for the stockholders' liability of the First Union Trust and Savings Bank.

To this defendant replies that no individual or personal liability was imposed upon the First Trust and Savings Bank by the decree of February 11, 1937; that this decree found, ''that the total liability herein of each defendant stockholder is placed immediately under the name of said defendant stockholder in brackets, all as is hereinafter in this paragraph set forth:

''Name

''First Trust and Savings Bank, Trustee under agreement with Morris Metcoff, dated January 22, 1927. (Certificate No. 648 issued to First Union Trust and Savings Bank, Trustee.)

''($10,000.00).''

and the decree ordered that this be paid to the receiver of the Madison Square Bank.

''(2) By the said First Trust and Savings Bank, Trustee under Agreement with Morris Metcoff, etc., as the holder of One Hundred (100) shares of said

stock, the sum of Ten Thousand Dollars ($10,000.-00). . . ."

When we examine the trust agreement of Metcoff with the First Trust and Savings Bank, trustee, we find that none of the stock was purchased by the trustee in the exercise of its trust powers; that Metcoff controlled the acts of the trustee with reference to voting the stock; that it was never registered on the books of the Madison Square State Bank except in the name of "First Trust and Savings Bank, Trustee, under Agreement with Morris Metcoff." Likewise, the agreement expressly provided that the trustee should incur no liability through its holding of any securities thereunder.

Approximately five years after the formation of the trust Metcoff terminated it and withdrew all the assets held thereunder, as he had power to do under the trust agreement. Since that time neither the First Trust nor any of its successors has held any of the assets in the trust.

The summons in the stockholders' suit was served upon the "First Trust and Savings Bank, Trustee under Agreement with Morris Metcoff," and the trustee bank filed its appearance so describing itself, and as we have noted, the decree was against that defendant as "Trustee under Agreement with Morris Metcoff."

Whether a judgment against a trust company as trustee can be considered as a liability of the trustee, personally, was considered in the case of *Bankers Trust Co. of Muskegon v. Forsyth*, 266 Mich. 517, 520. There a complaint was filed to secure an accounting and a termination of a trust which the plaintiff was serving as trustee; certain defendants had unsatisfied judgments rendered against the Bankers Trust Co., as trustee. The opinion said the court was not concerned with whether the controversy which resulted in these respective adjudications was such that the trust com-

pany might have been held personally or individually liable. "Such a claim was not asserted and of course such a liability was not adjudicated." The opinion noted the citation of cases where the trustee executed a contract in its representative character. The court said "Such authorities are not in point in the instant case which does not involve the construction of a contract or the question of possible liability thereon in one capacity or another. Instead, we here have two claims each of which has been prosecuted to final judgment as being a liability of the plaintiff herein in its trust capacity only. Having been so adjudicated, the judgments entered in the respective suits cannot be changed in this equitable proceeding so as to render the trust company directly or individually liable thereon." The court held that the trustee could not be charged with these judgments in its individual capacity.

A case involving the same question is *Bates v. Atlantic Nat. Bank of Jacksonville,* 101 F. (2d) 278, where a decree had been entered against the defendant bank as trustee; the superintendent of banking instituted suit seeking to impose individual liability based upon this decree. The opinion noted that although judgments at law against one as trustee have been held to be personal judgments, it was otherwise in a court of equity.

Plaintiffs cite *Wahl v. Schmidt,* 307 Ill. 331, and quote at some length from this opinion as holding to the contrary. We do not so read this. There the fundamental question was as to the liability for the death of Elizabeth Frankowicz, an employee in a building in possession of Schmidt where the water tank collapsed, inflicting injuries from which she died; the litigation involved numerous questions, one of which was whether Schmidt, individually or as trustee, was liable for damages caused by this accident. The court found that the accident occurred after Schmidt had

ceased to be trustee and held that, looking at the record of Klonowski, administrator of the estate of Frankowicz (the deceased woman) v. Schmidt, it was apparent that the only cause of action stated was against Schmidt, personally. *O'Connor v. Rathje,* 298 Ill. App. 489, cited by plaintiffs, holds contrary to their contention. There a suit was brought against Rathje, individually and as successor trustee, for damages; subsequently Rathje individually was dismissed; he answered in the name of Rathje, ''successor trustee'' and judgment in that style was entered against him; on appeal plaintiff contended the words ''successor trustee'' were merely surplusage and that the judgment was against Rathje individually. The court examined the record and held that since Rathje individually was not a party to the suit, and since the complaint stated no cause of action against Rathje as successor trustee, the judgment was reversed. The Supreme Court denied plaintiff leave to appeal.

It would seem to be just that if plaintiffs attempted to hold the First Trust in its individual capacity it should have been made a party defendant in this capacity. In many cases our courts have indicated that a party sued as trustee or in any other representative capacity, is a stranger to the record in his individual capacity. This rule was followed in *Lawson v. Kolbenson,* 61 Ill. 405, where plaintiffs brought suit in a representative capacity and upon the hearing insisted that they had sued as well in their individual right. The court condemned this. A similar situation arose in *Beach v. Shaw,* 57 Ill. 17, where the court said of the plaintiff that he was claiming to own this property in his own right and the proof shows that he does not. In *Cleveland v. Cleveland,* 225 Ill. 570, Harry Cleveland individually appealed from a judgment in a proceeding in which he was a party as executor. The court held that in his individual capacity he was a stranger to the record. Similar holdings have been

made in other States. In *Leonard v. Pierce,* 182 N. Y. 431, it was said persons suing or being sued in their representative capacity are in contemplation of law distinct persons ''and strangers to any . . . liability as an individual,'' and that a former judgment concludes a party only in the character in which he was sued.

Plaintiffs' brief cites many cases where a trustee or official in a representative capacity has assumed contractual obligations and where it has been held that a judgment at law rendered against him as trustee is a judgment against him individually. No cases are cited in which a decree in a court of equity rendered against a person specifically named as trustee under no contractual obligations has been held to be an individual judgment.

There is no merit in plaintiffs' suggestion that because the Metcoff trust had been terminated prior to the filing of the amended and supplemental complaint in the prior proceedings, plaintiffs thought they were suing the First Trust individually. Apparently plaintiffs knew this at the time this complaint was filed, but in any event the point cannot prevail against the record of the judgment.

There is force in the suggestion by defendant that the First Trust and Savings Bank was never a stockholder of the Madison Square State Bank. It bought none of this stock and was simply a depository, the settlor retaining the power to dispose of it as he saw fit. The trustee could only vote as directed by Metcoff and the entire income of the trust was payable to him during his lifetime. The stock book showed the capacity in which the First Trust held this stock and any creditors could by investigation learn the terms of the trust. In *Gahagan v. Whitney,* 359 Ill. 419, it was held that the court may determine and impose liability upon the real stockholders regardless of the name in which the stock was held.

Defendant says that no bank stockholder's liability can be imposed upon another bank, and therefore any individual liability upon the First Trust and Savings Bank is ultra vires, contrary to public policy and void. This point is well supported by precedent and reason. Section 1, ch. 16½, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 10.01], prescribes the powers of a banking corporation. The statute gives no authority to a bank to acquire stock of another bank or to incur constitutional or statutory liability thereon. The opinion in *Continental Ill. Nat. Bank & Trust Co. of Chicago v. Peoples Trust & Savings Bank of Chicago,* 366 Ill. 366, 374, holds that banks are creatures of limited powers and any transaction beyond those powers was ultra vires and void. That case involved a contract by which the Continental bank took over the assets of the Peoples bank and administered its affairs and sought to hold the stockholders of the Peoples bank to a stockholders' liability. The court, among other things, said: "One dealing with a bank is chargeable with notice of its powers and limitations. We have often held that the banking business is so impressed with a public interest that it is subject to strict regulatory legislation. Private banking is forbidden by law. National and state banks are creatures of the law having no powers but those which the law has conferred upon them. The powers vested in a bank are only such as are expressly granted and as are necessarily implied from the specific grant. Every power not clearly granted is withheld. Enumeration of powers granted implies exclusion of all others, and any ambiguity in the terms of a grant operates against the corporation and in favor of the public. If a power claimed is withheld, the withholding is to be regarded as a prohibition against its exercise."

Paragraph 64 of chapter 38 of the statutes declares it shall not be lawful for any bank to assume or to become liable for any indebtedness on account of any person or corporation, and "any assumption, liability

or guarantee, whereby such deposits or trust funds could be jeopardized or impaired shall be null and void.'' It was pointed out in the opinion of *Knass v. Madison & Kedzie State Bank,* 354 Ill. 554, that such ultra vires contracts create a contingent liability which cannot be measured or determined in prospect and that such contingent liability cannot be accurately reported to the public officials having a right to report upon the condition of the bank. The decisions of our courts are uniformly against the creation of such contingent liabilities. *Hoffman v. Sears Community State Bank,* 356 Ill. 598; *People ex rel. Barrett v. First State Bank & Trust Co. of Canton,* 364 Ill. 294, and *Retirement Board of Municipal Employees' Annuity & Benefit Fund of Chicago v. Gysin,* 300 Ill. App. 461. These decisions indicate that it would be contrary to the public policy of Illinois to permit the enforcement against the individual assets of a bank of a liability arising from the ownership of bank stock. Decisions in other States involving different statutes from those in force here are not in point, and in Bogert on Trusts and Trustees, vol. 3, ch. 33, where the author discusses the individual liability of trustees, the validity of its acts as being *intra vires* is assumed.

We find no support in decided cases for the proposition that a bank which has power to execute trusts may assume the liability of an ordinary corporation or person. The duty of the bank to safeguard its assets for depositors is imposed upon the bank whether it has power to execute trusts or not. It cannot endanger its depositors by assuming any personal liability of a trust. Individual liability is prohibited under our laws, except for misfeasance or negligence in executing the trust.

For the reasons above stated the decree dismissing plaintiffs' suit for want of equity is proper and it is affirmed.

*Decree affirmed.*

O'Connor, P. J., and Matchett, J., concur.