**UNITED STATES et al. v. GRIDLEY et al.**

No. E–5029.

District Court, D. New Jersey.

Oct. 22, 1943.

Charles M. Phillips, U. S. Atty., of Trenton, N. J., for the United States.

Evans, Bayard & Frick, by Philip H. Strubing, all of Philadelphia, Pa., for Reconstruction Finance Corporation.

Frederick M. P. Pearse, of Newark, N. J., Catesby L. Jones, of New York City, and George S. Pearse, of Newark, N. J., for Minerva Spruance Bailey.

FORMAN, District Judge.

This is a representative suit brought by plaintiffs to enforce the liabilities of certain stockholders of Central Republic Trust Company, an Illinois state bank, arising under Section 6 of Article XI of the Illinois constitution, Smith-Hurd Stats., and Section 6, Chapter 16½ of the Illinois Bank Act, Smith-Hurd Stats. The original action was commenced in the United States District Court for the Northern District of Illinois where the majority of the stockholders were residents. The defendants in this action are residents of New Jersey.

A detailed statement of facts upon which the action is based is set forth in Reconstruction Finance Corporation v. Central Republic Trust Company et al., D. C., 17 F. Supp. 263.

This is a motion for summary judgment as to the defendant, Minerva Spruance Bailey. The defendant does not dispute the liability of the stockholders of Central Republic Trust Company which has been determined by several courts.[1] The defendant sets up as an affirmative defense which is made the subject of a counterclaim that she is not obligated to the plaintiffs because the stock was not registered in her name, but in the name of Central Republic Trust Company as Trustee, and that the bank as trustee was negligent in retaining the stock in the trust at the time when the precarious position of Central Republic Trust Company was known to it. The defendant argues that she was not a stockholder, but a beneficiary of a trust, and that the creditor of the bank, the Reconstruction Finance Corporation, did not rely on defendant's liability as a stockholder when it loaned money to the bank. The defendant seeks to set off a claim against Central Republic Trust Company as Trustee in this proceeding.

The facts may be briefly stated as follows: The defendant created a trust of certain securities and real estate on January 15, 1927, with the Chicago Trust Company as Trustee, of which she was the sole beneficiary, reserving the right to revoke and to withdraw any part of the assets held in the trust estate during her lifetime. Certain shares of stock of the Chicago Trust Company were a part of the trust property. Through several consolidations the Chicago Trust Company became the Central Republic Trust Company which issued new shares of stock in place of those held in the trust to the name of "Central Republic Bank & Trust Company, Trustee U/Tr/A dated 1/15/27 Trust #1690". These shares were transferred on the books of the Central Republic Trust Company to the aforesaid name. On August 29, 1934, shortly before the main stockholders' action was commenced, the defendant exercised her power of revocation and thereafter the assets held in the trust were returned to her. The bank stock was endorsed in blank by Central Republic Trust Company.

---

[1] Reconstruction Finance Corporation v. Central Republic Trust Company, D. C., 11 F.Supp. 976; Reconstruction Finance Corporation v. Central Republic Trust Company, D.C., 17 F.Supp. 263, affirmed Reconstruction Finance Corporation v. McCormick et al., 7 Cir., 102 F. 2d 305, petitions for writ of certiorari denied 308 U.S. 558, 60 S.Ct. 90, 84 L.Ed. 469.

■ The contention of the plaintiffs, that the sole beneficiary of a trust of the nature of the one involved here is the real or beneficial owner of stock held in the trust so as to render the beneficiary liable in a stockholders' action under the Illinois Constitution, is sound. The case of Gahagan et al. v. Whitney, 359 Ill. 419, 194 N.E. 581, 582, is in point. In that case a widow, the sole heir of her deceased husband, accepted in her individual capacity stock in the name of her husband and did not account for money which she received as dividends on the stock as part of the estate, of which she was administratrix. She was held to be personally liable in an action to enforce the liability of the stockholders of an insolvent bank. The court said: "The Constitution contemplates that the actual owner of the stock shall bear the liability arising thereon. It is not necessary to the establishment of stock liability of the actual owner of the stock that the shares be transferred on the books of the company. It is a rule recognized in this state and elsewhere that where it is sought to hold the real owner of the stock though his name does not appear upon the transfer books of the bank, the court will determine who is the real owner and decree accordingly." This case was followed in Flanagan et al. v. Madison Square State Bank et al., 302 Ill.App. 468, 24 N.E.2d 202, and has been cited with approval in several other cases.[2]

The defendant here is admittedly the sole beneficiary of the trust and is in actual fact the owner of the stock. By the terms of the trust agreement itself the defendant could withdraw the stock from the trust at will and divest herself of it.

■ The defendant argues that the plaintiff, the Reconstruction Finance Corporation, did not rely on defendant's liability as a stockholder when it loaned money to Central Republic Trust Company, since she was not registered as a stockholder of record nor did her name appear on the stock certificates. The remarks of the court in Flanagan v. First National Bank of Chicago, 307 Ill.App. 495, 30 N.E.2d 786, 789, fully answer this argument. There the plaintiffs, representing creditors of the Madison Square State Bank which closed, brought a suit to enforce the liability of the stockholders against the First National Bank of Chicago as Trustee. The First National Bank of Chicago had consolidated with the First Trust & Savings Bank which had entered a trust agreement with one Metcoff to hold the stock of the Madison Square State Bank in trust. The trust was terminated before the consolidation took place. The court, after holding that the trustee cannot be held personally liable, said: "There is force in the suggestion by defendant that the First Trust & Savings Bank was never a stockholder of the Madison Square State Bank. *It bought none of this stock and was simply a depository, the settlor retaining the power to dispose of it as he saw fit.* The trustee could only vote as directed by Metcoff and the entire income of the trust was payable to him during his lifetime. *The stock book showed the capacity in which the First Trust held this stock and any creditors could by investigation learn the terms of the trust.* In Gahagan v. Whitney, 359 Ill. 419, 194 N.E. 581, it was held that the court may determine and impose liability upon the real stockholders regardless of the name in which the stock was held." [Italics supplied]

The defendant relies on the case of Golden et al. v. Cervenka et al., 278 Ill. 409, 116 N.E. 273, as an instance where a holder of record of bank stock was not liable for an assessment. That case holds that an estate cannot be held liable for the unauthorized acts of the executors who invested the funds of the estate in bank stock. The court in its opinion states that those stockholders who appear on the books of the bank are liable. In our case the stock is registered on the books of the bank in the name of "Central Republic Bank & Trust Company, Trustee U/Tr/A dated 1/15/27 Trust #1690". There is no question of unauthorized purchase involved. A creditor by referring to the stock book could learn the capacity in which this stock was held and by investigation could learn the terms of the trust.

■ The remaining question to be determined is, that assuming defendant has

---

[2] Hillmer et al. v. Chicago Bank of Commerce et al., 303 Ill.App. 43, 24 N.E.2d 388, affirmed 375 Ill. 266, 31 N.E. 2d 309; Flanagan v. First National Bank of Chicago, 307 Ill.App. 495, 30 N.E.2d 786; Hood et al. v. Commonwealth Trust & Savings Bank et al., 376 Ill. 413, 34 N.E.2d 414; McKinstry et al. v. Russell, Ind.App.1943, 49 N.E.2d 349; Reconstruction Finance Corporation v. Pelts, 7 Cir., 1941, 123 F.2d 503.

a claim against Central Republic Trust Company for negligence in administering the trust, can that claim be set off in this proceeding? The question has been clearly answered in the negative. Buchanan v. Meisser, 105 Ill. 638; Thompson v. Meisser, 108 Ill. 359; Thebus v. Smiley, 110 Ill. 316; Hughes et al. v. Aubere et al., 360 Ill. 572, 196 N.E. 811; Hillmer et al. v. Chicago Bank of Commerce et al., supra. In the Hillmer case [303 Ill.App. 43, 24 N.E. 2d 393] the court remarked: "Moreover we have held that the proper place for allowance of setoffs was in the liquidation suit. Cohen v. North Avenue State Bank, 291 Ill.App. 558, 10 N.E.2d 823; Flanagan v. Madison Square State Bank, 292 Ill.App. 448, 11 N.E.2d 969; Heine v. Degen, 362 Ill. 357, 199 N.E. 832."

Pursuant to Rule 56 of the Rules of Federal Procedure, 28 U.S.C.A. following section 723c, there being no genuine issue as to any material fact found, the motion for summary judgment made by the plaintiffs will be granted.